MARY HAST SHOPE, Appellee, v. UNKNOWN CLAIMANTS et al., Appellants.

**DEEDS:** Construction—Conditional Fee Estates—Birth of Child. A conveyance of land by a parent to a son, "as an advancement . . . to be kept by him *in trust*, to be equally divided at the trustee's death for and between the lawful *heirs of his* (the trustee's) *body living and at his* (the trustee's) *death*, except the income of said land, which is to go to the use and benefit of the grantee," on condition that grantee do not gamble, creates a *conditional* fee estate in grantee, which estate becomes *absolute* in grantee when a child is born to him, thus enabling grantee to alien the land and thus bar his own issue and defeat the possibility of a reverter to the grantor. (But construction which enlarges such estate by reason of the conveyance's being to a grantee and "to his heirs," "to the heirs of his body" or "to his issue," is now prohibited by Sec. 2924-b, Code Supp., 1913.)

*Appeal from Polk District Court.*—W. H. McHENRY, Judge.

SATURDAY, MARCH 11, 1916.

ACTION in equity to quiet title. There was a demurrer to the petition by the defendant, which was overruled, and

there was a decree for plaintiff, and the defendant guardian ad litem appeals.—*Affirmed.*

*J. H. Anderson,* for appellant.

*Stewart & Hextell,* for appellee.

PRESTON, J.—In February, 1914, the plaintiff filed her verified petition. The plaintiff's statement of the case, which appellant concedes to be correct, is as follows:

DEEDS: construction: conditional fee estates: birth of child.

"Plaintiff brought action to quiet title to the South Half (½) of the Northwest Quarter (¼) . in Section 13 and the Northeast Quarter (¼) of the Southwest Quarter (¼) of Section 24, Township 78, Range 22 West of the Fifth P. M. Polk County, Iowa. On the 3d day of January 1894 Alwilda R. Brown who was then owner in fee of the above described premises deeded the same to her son, M. A. Blodgett. In drawing said deed certain restrictions were inserted, as follows: 'This conveyance is as an advancement to the grantee in the sum of Thirty-seven Hundred ($3700.00) Dollars made by the grantor and is to be kept by him in trust to be equally divided at the trustee's death for and between the lawful heirs of his (the trustee's) body living and at his (the trustee's) death except the income of said land which is to go to the use and benefit of the grantee and his (the grantee's) income as hereinbefore mentioned terminates and reverts to the grantor herself if the said M. A. Blodgett ever once, from and after the date of acceptance hereof these presents, plays cards for money or property or bets for money or property upon the turn of card or cards.' At the September, 1899, Term of district court in Polk County, Iowa, Alwilda R. Brown brought an action to correct the deed, and in said action M. A. Blodgett was made defendant, and also the daughter of M. A. Blodgett, one Helen Blodgett. A guardian ad litem was appointed to defend for Helen Blodgett and, after the hearing in the court, a decree was entered correcting the said deed and vesting or

attempting to vest in M. A. Blodgett a fee title. Immediately thereafter, he conveyed the land by a general warranty deed to one W. B. Christy and the said W. B. Christy by a warranty deed conveyed to the plaintiff.

"The appellee has been in undisturbed possession of said land for ———— years and is still in possession thereof; but, notwithstanding her peaceable possession and notwithstanding the decree of the court wherein Alwilda R. Brown was adjudged to have intended to convey a fee simple title to the said M. A. Blodgett, the question has been raised whether or not the appellee is or is not the owner in fee of the premises in controversy. The land is getting more and more valuable every day and the appellee has also improved the same to a considerable extent and did undertake to make some further improvements, but has suspended such activities pending this action. The question was first raised when the appellee tried for a loan and the loan company's attorney rejected the abstract for the reasons set up in the demurrer filed by the appellant, which demurrer challenges the legal title of the appellee and admits only a life estate with the title in the heirs of the body of the said M. A. Blodgett which will culminate at his death and at that time ripen into an absolute fee.

"The district court found that the deed from Alwilda R. Brown to M. A. Blodgett, trustee, was in truth and fact a conditional fee deed and that, as the said M. A. Blodgett had issue born, the fee had ripened into an absolute title, and that, when the said M. A. Blodgett conveyed the property by a deed to W. B. Christy, he thereby cut off the remaindermen, and that he did have an absolute right to make such a conveyance, issue having been born, and that the conditions in the deed, in so far as it referred to the heirs, had been fulfilled.

"Alwilda R. Brown also filed an answer disclaiming any reversionary interest she might have in and to the premises

under consideration by reason of the conditions stated in the deed.''

The argument for appellant is very brief. They say that the extensive note in 19 L. R. A. (N. S.), beginning at 965, ''covers this case so thoroughly we shall not burden the court with any argument. As we said at the outset, we are simply appealing this case for the purpose of letting the court of last resort pass upon the ruling of the district court. The case was somewhat extensively argued in the lower court, which was of the opinion that the deed conveyed a conditional fee, which ripened into an absolute fee on the birth of a child. We do not so view the record, but believe the deed is one which created a trust estate, and that any act of either Mr. Blodgett or Alwilda R. Brown could not affect the deed which had been made. We are asking that the decree of the lower court be reversed.''

The citation as given above has no bearing on this case. We assume that the citation is intended for 29 L. R. A. (N. S.) 965.

Their propositions are that the conveyance under consideration is not one which creates a conditional fee estate, citing *Westcott v. Meeker*, 144 Iowa 311; that the rule in Shelley's case does not apply where the conveyance is in trust, citing *Hall v. Gradwohl*, 29 L. R. A. (N. S.) 954; *Kemp v. Reinhard*, 228 Pa. 143 (29 L. R. A. [N. S.] 958); that M. A. Blodgett, holding the title for the benefit of his heirs, did not become vested until his death.

The law covering this case seems to be well settled, and we shall not go into a detailed discussion of the subject or attempt to repeat the reasoning in the different cases. It has been held in this state that the law creating conditional fee estates prevails in Iowa. *Pierson v. Lane*, 60 Iowa 60; *Kepler v. Larson*, 131 Iowa 438; *Sagers v. Sagers*, 158 Iowa 729. Such a fee is one which restrains the fee to some particular heirs, exclusive of. others. This was at the common law con-

strued to be a fee simple on condition that the grantee had the heirs prescribed. If the grantee died without such issue, the lands reverted to the grantor; but if he had the specified issue, the condition was forfeited and the estate became absolute, so far as to enable the grantee to alien the land and bar not only his own issue but the possibility of a reverter.

But the question before us is not so much whether or not the conditional fee estate prevails in Iowa as it is whether or not this particular conveyance created a conditional fee estate, and whether or not M. A. Blodgett could convey a fee simple title to the property in question to appellee; that is, whether he had the right to convey the absolute fee title, as he undertook to do. Though the deed uses the word "trustee," Blodgett could not be the beneficiary and trustee for himself at the same time.

One condition in the deed was that he should have the income for life if he would not play cards. The deed then gives Blodgett a life estate and the remainder to the heirs of his body living at his death. This makes an estate tail, or conditional fee. When an heir of his body is born, the defeasible condition is removed. He has had an heir, and his heirs, whoever they may be, living at his death take the property. If the deed is construed as a conditional fee, and the said M. A. Blodgett should have kept the land until his death and left issue, the land would immediately go to such heirs of his body, and, upon failure of having issue, would have reverted to the grantor. The title vested upon the birth of the heir. As sustaining our views, see *Durant v. Muller*, 88 Ga. 251 (14 S. E. 612); *Clark v. Neves*, 76 S. C. 484 (12 L. R. A. [N. S.], 298); and cases in Note in 29 L. R. A. (N. S.) 965.

It is contended by appellee that if it be thought that a trust was created by the deed, if the trust is an executed one, under the rule in Shelley's case, a fee vests in the first taker; so in a conditional fee estate, where the trust is executed, the grantee takes an absolute fee, subject to be defeated on the

failure of birth of issue. But counsel for appellee do not contend that the conveyance in question comes within the rule in Shelley's case. Their contention is that the construction applicable to conveyances which come under the rule in Shelley's case applies when it is such a conditional fee estate.

There is difficulty sometimes in applying the rules as to when a trust is an executed one or an executory one; but the general rule seems to be that, where the trustee has no other duty to perform than to hold the property and collect the rents, then the trust is an executed one; where there is no discretion reposed in him and where he has nothing to do with reference to conveying the property, then the trust is executed. They cite upon this proposition *Lord v. Comstock,* 240 Ill. 492 (88 N. E. 1012); *Bullard v. Goffe,* 20 Pick. (Mass.) 252; and cases cited in Note, 29 L. R. A. (N. S.), beginning at 965.

Our attention has not been called in argument to Sec. 2924-b, Code Supp., 1913; but this was enacted after the execution of the deed in this case.

Our conclusion is that the trial court properly construed the deed, and its judgment is, therefore—*Affirmed.*

EVANS, C. J., DEEMER and WEAVER, JJ., concur.