## HEWITT vs. TUMLIN.

On the special and peculiar facts of this case, a new trial ought to be granted, and the same is ordered accordingly.

March 3, 1888.

New trial. Evidence. Before Judge ADAMSON. City court of Carrollton. August term, 1886.

Tumlin, as tranferee, sued Hewitt on a promissory note for $130. The testimony for defendant tended to show that the note was made payable to G. P. Camp or bearer, and was given for two promissory notes, each signed by E. M. Camp and payable to G. P. Camp or bearer, one for $189.83, upon which some payments had been entered, and the other for the same amount, upon which no payments had been entered. The two notes last mentioned recited that they were given for part purchase money of certain land mentioned therein. Hewitt was induced to purchase these two notes, and to give the note sued on, by Tumlin, who represented that the notes were good and collectible; that they were given for a valuable piece of land, and that the land was bound for their payment; when in fact E. M. Camp was insolvent at the time of this representation, and neither he nor G. P. Camp had any title to the land, or even held it under bond for title. Tumlin knew of the worthlessness of the notes at the time he made the representation, and had also been informed that the Camps had no title to the land. Tumlin told Hewitt, before Hewitt purchased the notes, that he (Tumlin) had no interest in them, but was acting in the matter

because the payee of the notes and the maker were broth-
ers and had had a falling out, and that Tumlin thought if
some one other than the payee had the notes, the feud be
tween the brothers would subside.    It seems that, at the
time Tumlin made these statements, he had become surety
for G. P. Camp, and had taken possession of the two notes
mentioned for the purpose of trading them off for said G.
P.    G. P. Camp told Hewitt to turn over to Tumlin the note
sued on, and another note for $55, which also was part of
the consideration given by Hewitt for the two notes above
mentioned; this Hewitt did, and from that time Tumlin
seems to have acted as owner of the two notes given by
Hewitt.    Hewitt did not know, until after he had given
the notes, that the statements made by Tumlin were un-
true.

Tumlin, the plaintiff, testified that he might have told
defendant that the E. M. Camp notes were land notes and
the land mentioned in them bound for their payment, be-
cause he thought this was true at the time, and did not
find out it was untrue until after the trade with Hewitt;
that he thought E. M. Camp was solvent and good for his
debts when the trade was made, though he knew said
Camp owed a good deal of money; that he was security
for G. P. Camp, and acted for G. P. Camp in trading the
E. M. Camp notes to Hewitt, but had no interest in those
notes; that he had never paid anything for the note sued
on, but he had got it from G. P. Camp, not knowing there
would be any trouble about it; that as soon as he learned
that the Camps had no title to the land, he notified Hewitt
of this fact, and Hewitt promised to pay the notes sued on,
and said he was going to prosecute G. P. Camp and upon
this statement he (Tumlin) traded for the note, agreeing
to take it from G. P. Camp to go partly upon the debt for
which Tumlin was G. P. Camp's security, and the balance
to go on another debt which G. P. Camp owed.

Hewitt, the defendant, admitted that he had promised to
pay the note sued on, but testified that this promise was

made before he knew the untruthfulness of the representations made him by Tumlin.

There was other testimony which it does not seem material to report. The case was tried before the judge below without the intervention of a jury, and he gave judgment in favor of the plaintiff.

The defendant moved for a new trial upon the grounds that the judgment was contrary to law, evidence, etc.; and because of certain newly-discovered evidence. It is sufficient to say of this newly-discovered evidence, that it tended materially to strengthen the view presented by the testimony for the defendant upon the trial of the case, that Tumlin knew at the time of the representations made by him to Hewitt that they were untrue, etc.

The motion for a new trial was overruled, and Hewitt excepted.

GORDON & BROWN, for plaintiff in error.

COBB, COBB & WALKER and G. W. AUSTIN, contra.

BLECKLEY, Chief Justice.

The evidence is strongly suggestive of the theory that, unless Camp, the payee of the note in suit, could recover, Tumlin, his transferee, ought not to recover. Taking the whole of the evidence, even without considering the alleged newly-discovered evidence, there is so much doubt upon the propriety of the result which has been reached below, that we think the interests of justice demand a new trial. The facts are special and peculiar. They are so much so that we think the strong doubt of which they admit ought, contrary to the general rule, to be given against the judgment instead of in its favor. It is a case for the exercise of the power of this court to direct a new trial.

Judgment reversed.