DURANT *et al. v.* MULLER *et al.*

A deed made in 1838 by which the donor gave and conveyed to a trustee, his executors, administrators and assigns, forever, certain premises, "upon the trusts, nevertheless, and to and for the uses hereinafter mentioned, that is to say, for the sole and separate use of the said [donor's son] and the heirs of his body during their natural lives, but should the said [donor's son] depart this life leaving no issue, then the above property to revert to and become a part of my estate," conveyed to the son, as beneficiary of the trust, an equitable estate in fee simple, the intention of the donor being to create an estate tail, which the statute converted into an absolute fee.                 *Judgment affirmed.*

January 11, 1892.

Deeds. Estates. Before Judge FALLIGANT. McIntosh superior court. At chambers, January 27, 1891.

The plaintiffs in ejectment were the children and heirs at law of Joseph C. S. Durant, who was the son of Francis Durant who, on the 1st of May, 1838, conveyed the land in dispute to William I. King, "for and in consideration of the natural love and affection which I have and do bear unto my beloved son Joseph C. S. Durant,

and of ten dollars to me in hand paid by William I. King; . . to have and to hold the said above described property unto the said William I. King, his executors, administrators and assigns, forever, upon the trusts nevertheless, and to and for the uses hereinafter mentioned, that is to say, for the sole and separate use of the said Joseph C. S. Durant, and the heirs of his body during their natural lives, but should the said Joseph C. S. Durant depart this life, leaving no issue, then the above property to revert to, and become a part of, my estate." Joseph C. S. Durant died in 1865. On the 1st of April, 1854, he conveyed to William I. King the premises in dispute by warranty deed. The defendants claimed under William I. King, and their title was admitted by the plaintiffs to be good, provided Joseph C. S. Durant had the right to sell the land to King by the deed just mentioned, and King thereby obtained the fee. The judge held that under the deed of Francis Durant to King, Joseph C. S. Durant took an absolute fee and had power to sell, and that when he sold King took the absolute fee from him. To this ruling the plaintiffs excepted.

LESTER, RAVENEL & KENAN, for plaintiffs.

F. G. DUBIGNON and W. W. FRASER, for defendants.