### STAMEY *et al.* v. McGINNIS *et al.*

1. An owner of land executed a deed the material parts of which are as follows: "This indenture made this the 8th day of May in the year 1893, between [naming the grantor] of the county of Floyd, of the first part, and Fannie Stamey and her bodily heirs, of the county of Floyd, of the second part, witnesseth that the said party of the first part for

and in consideration of the sum of five dollars in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, and conveyed, and by these presents do grant, bargain, sell, and convey unto the said party of the second part, her own bodily heirs and assigns, all that tract or parcel of land situate, lying, and being in the southeast corner of land lot No. 301, 22nd district and 3rd section, consisting of twenty acres. This is to be distinctly understood: that this twenty acres is all that she will get of lot No. 301; also this is not to be sold for any consideration; it is to remain hers and her children, hers and their natural lives. To have and to hold the said bargained premises, together with all and singular the rights, members, and appurtenances thereof to the same being, belonging, or in any wise appertaining, to the only proper use, benefit, and behoof of Fannie Stamey and her bodily heirs, the said party of the second part, her bodily heirs, executors, administrators, and assigns, in fee simple. And the said party of the first part, his heirs, executors, administrators, the said bargained premises unto the said party of the second part, her bodily heirs, executors, administrators, and assigns, against the said party of the first part, his heirs, executors, administrators, and all and every other person or persons, shall and will warrant and forever defend by virtue of these presents." The maker of the deed was the father of Mrs. Stamey therein mentioned. *Held*, that the deed would formerly have conveyed a fee tail to Mrs. Stamey, and by virtue of the statute now embodied in the Civil Code (1910), § 3661, which declares that "Estates tail are prohibited and abolished in this State; gifts or grants to one, and the heirs of his body, or his heirs male or heirs female, or his heirs by a particular person, or his children, or his issue, convey an absolute fee simple," such deed, executed after this law took effect, conveyed a fee-simple estate to Mrs. Stamey.

(*a*) Construing the deed as a whole, the clause (which followed the granting clause and preceded the habendum and tenendum clause and the warranty), "This is to be distinctly understood: that this twenty acres is all that she will get of lot No. 301; also this is not to be sold for any consideration; it is to remain hers and her children, hers and their natural lives," did not have the effect of reducing the estate granted by the deed to a life-estate; but such clause sought to restrict the sale of the property during the time specified.

2. The deed above set forth operating as a conveyance in fee simple to the daughter of the grantor, the effort to restrict a sale of the property during the lifetime of herself and her children was ineffectual. Accordingly, a conveyance of the property by her vested the fee-simple title in her grantee, and after her death neither her heirs nor those of the original grantor could recover the property from the one who held under her conveyance.

MAY 13, 1916.

Complaint for land. Before Judge Wright. Floyd superior court. June 24, 1915.

On December 22, 1914, J. R. Stamey and others filed a petition against Bob H. McGinnis and Sam King, alleging, among other things, as follows: Four of the plaintiffs are sui juris, and the remaining three are minors who sue by their next friend. All of them are under twenty-eight years of age. On May 8, 1893, J. W. Haney Sr. executed a deed of which a copy is attached to the petition, conveying the land in dispute. The material parts of it are set out in the first headnote. Mrs. Stamey immediately went into possession, and so remained until January 26, 1904, when she sold the property to Davis Shaw Company, which company later sold it to Bob H. McGinnis. The other defendant is his tenant. J. W. Haney Sr. and Mrs. Fannie Stamey are common propositors of the plaintiffs and the defendant. J. W. Haney Sr. died before the death of his daughter, leaving certain children and representatives of children. Later she died, leaving six children, who are plaintiffs in the present action. The other plaintiff is the child of a son of J. W. Haney Sr., and died after his father died. J. R. Stamey purchased the interest of the heirs of J. W. Haney, except Mrs. Stamey and one other, who is a plaintiff. The plaintiffs claim title by virtue of the conveyances mentioned, and by virtue of being heirs at law of Mrs. Fannie Stamey, deceased. In recording the deed from J. W. Haney Sr. to his daughter, the clerk make a clerical error and recorded the name of the maker of the deed and his signature as "J. W. Harris." The deed conveys the property in dispute, and both the plaintiffs and the defendants claim under it. It was prayed that it be so reformed as to read J. W. Haney instead of J. W. Harris, and that the plaintiffs recover the premises, together with mesne profits. The presiding judge sustained a demurrer to the petition, and the plaintiffs excepted.

*Mundy & Mundy* and *Harris & Harris,* for plaintiffs.

*Finley & Henson,* for defendants.

LUMPKIN, J. (After stating the foregoing facts.)

1. There are three possible constructions of this deed: (1) That it conveyed a life-estate only to Mrs. Stamey and any children who were in esse when it was executed, with no provision as to the remainder, and that therefore there was a reversion to the grantor or his heirs after the termination of these life-estates. This is inconsistent with the entire deed and its purpose as indi-

cated throughout. There is nothing to show that the grantor intended to leave any of the estate ungranted, or contemplated a reversion. In this State where land is granted with no limitation or restriction upon the estate, the grant will generally be construed to be an estate in fee simple, though no words of inheritance are used. Civil Code (1910), § 3659. In the deed before us the granting clause is not for life only. In the habendum and tenendum clause the words "fee simple" are used, and following this is a warranty clause sufficiently broad to cover the fee-simple estate just mentioned. This suggested construction is so at variance with the intent of the grantor, as evidenced by the entire deed, that it may be rejected without further comment. (2) The second possible construction is that the grantor conveyed the fee-simple estate to his daughter and such children as she might have in esse at the time of the execution of the deed. (3) The third possible construction is that he conveyed to his daughter what would have been a fee tail under the statute de donis, and what, by virtue of the act of 1821 and its codification and the adoption of the code, became a fee-simple estate in the daughter; and the clause, "also this is not to be sold for any consideration; it is to remain hers and her children, hers and their natural lives," constituted an effort on the part of the grantor to prevent the sale of the property during the lifetime of his daughter and her children, rather than an effort to cut down the estate granted from a fee-simple to a life-estate.

Having eliminated the first possible construction, the choice remains between the last two. It will be observed that the words "bodily heirs" is used throughout the deed, except in the clause last quoted. These are normally words of limitation, not of purchase, and are so construed except where the grantor shows that he intends for them to have a different meaning, or where the effect of their use is regulated by statute. In the granting clause it is stated that the grantor has granted, bargained, sold, and conveyed, and by these presents grants, bargains, sells, and conveys "unto the party of the second part, her own bodily heirs and assigns." In the habendum and tenendum clause it is stated that the property is to be had and held "to the only proper use, benefit, and behoof of Fannie Stamey and her bodily heirs, the said party of the second part, her bodily heirs, executors, admin-

istrators, and assigns, in fee simple." Mrs. Stamey, the daughter of the grantor, was the only named person, and the words "her bodily heirs," normally words of limitation, are added. Also the added words, "her executors, administrators and assigns," show that it was the intention of the testator to put some estate in her which her legal representatives and assigns might hold or have an interest in. This clearly negatives the idea that the deed was merely to create a life-estate.

Again, in the warranty clause it is stated that the premises are warranted "unto the said party of the second part, her bodily heirs, executors, administrators, and assigns." While in the beginning of the deed Mrs. Stamey and her bodily heirs are mentioned as of the second part, elsewhere throughout the deed she is spoken of as the party of the second part, and her bodily heirs are superadded to the conveyance to her. By the Civil Code (1910), § 3661 (Code of 1863, § 2230) it is declared that "Gifts or grants to one, and the heirs of his body, or his heirs male or heirs female, or his heirs by a particular person, or his children, or his issue, convey an absolute fee." The word "children," as used in this statute, applies only when the grantee has no children in esse when the grant takes effect. In the case before us it would appear, from the date of the deed and the statement that all of the plaintiffs were under twenty-eight years of age when the suit was brought, that one or more children of Mrs. Stamey were in esse when the deed was executed. Nevertheless in the deed the word children is used only once, and then not in the granting clause, but in connection with a statement that the property shall not be sold "for any consideration," but is to remain "hers and her children, hers and their natural lives." It is more reasonable that these words were intended to prevent a sale of the property during the time stated than that the word "children," thus used, was intended to dominate the entire deed, in which the words "bodily heirs" are used again and again, and to change wholly the meaning as evidenced in its other clauses.

We hold that, construing this deed altogether, it conveyed a fee-simple estate to Mrs. Stamey. See, in this connection, *Ewing v. Shropshire*, 80 *Ga.* 374 (7 S. E. 554); Civil Code (1910), § 4187. The construction placed upon this deed is what we think is the dominant intent as evidenced by it as a whole. If it were

held that there was an irreconcilable inconsistency between the granting clause of the deed and the restrictive clause above mentioned, the result would be the same.

If Mrs. Stamey had a fee-simple estate, an effort to prevent her from alienating it during her life was ineffectual. Her deed conveyed the title, and neither her heirs nor those of the grantor had any right to recover from her grantee or one holding under such grantee. *Freeman* v. *Phillips,* 113 *Ga.* 589 (38 S. E. 943); *Crumpler* v. *Barfield & Wilson Co.,* 114 *Ga.* 570 (40 S. E. 808); *Wright* v. *Hill,* 140 *Ga.* 554, 556 (79 S. E. 546).

What has been said above controls the case, and renders it unnecessary to discuss each ground of the demurrer, general and special, separately.

*Judgment affirmed.　All the Justices concur.*