## ORME *et al. v.* TOLBERT *et al.*

A testator left three unmarried minor children. The third and fifth items of his will were as follows: (3) "My executors are instructed to hold my estate, after the payment of my debts as above provided, until my youngest child, Alline, is twenty-five years of age; and· should she die before reaching that age, my executors are still to hold my estate intact until such time as she would have been twenty-five years of age. Until the time arrives above provided for, my executors are to divide the income arising from my estate into three equal parts, monthly, and give one to each of my children, Mark, Harry, and Alline. This division is to be made monthly. The parts going to my children may be partially held back during their minority, and such amounts given them therefrom as my executors deem necessary for their proper support and education. Should either of the above-named three persons die before my youngest child, Alline, becomes twenty-five years of age, then said income is to be divided equally among the survivors. Should Alline die, said division is still to continue up to the date of what would otherwise have been her twenty-fifth birthday." (5) "When my youngest child becomes twenty-five years of age, or in case she dies, on what would otherwise have been her twenty-fifth birthday all my estate, real and personal, shall at that time be turned over to my said children, Mark, Harry, and Alline, to whom I bequeath and devise all my property then in the hands of my executors, in fee simple. Should one or more of my said children die before the said time, then all of my said property shall at said time go to and belong to the survivors, or survivor of them." *Held,* that upon the death of the testator's son Mark, prior to the 25th anniversary of the birth of the daughter Alline, the corpus of the property and subsequent income therefrom passed to the surviving brother and sister, and· did not descend as an inheritance to the heirs of the deceased son.

JUNE 14, 1917.

Equitable petition. Before Judge Pendleton. Fulton superior court. July 5, 1916.

Mark L. Tolbert, having three unmarried minor children, to wit, Mark, Harry, and Alline, on October 9, 1900, made his will, as follows:

"Item one. [Executors were appointed.]

"Item two. On the probate of this will, if circumstances are favorable, my said executors shall dispose, at either public or private sale, of my outside and vacant property, and pay off my indebtedness; but if they deem the time unfavorable, they shall delay such sales unto such time as they think best. In the meantime, they are authorized to continue such loans as may then exist; and if said loans can not be continued, to substitute others in their place.

It is my wish that my outside and vacant property be used to pay my debts.

"Item three. My executors are instructed to hold my estate, after the payment of my debts as above provided, until my youngest child, Alline, is twenty-five years of age; and should she die before reaching that age, my executors are still to hold my estate intact until such time as she would have been twenty-five years of age. Until the time arrives above provided for, my executors are to divide the income arising from my estate into three equal parts, monthly, and give one to each of my children, Mark, Harry, and Alline. This division is to be made monthly. The parts going to my children may be partially held back during their minority, and such amounts given them therefrom as my executors deem necessary for their proper support and education. Should either of the above-named three persons die before my youngest child, Alline, becoms twenty-five years of age, then said income is to be divided equally among the survivors. Should Alline die, said division is still to continue up to the date of what would otherwise have been her twenty-fifth birthday.

"Item four. [Bequests of monthly payments to the testator's mother and mother-in-law for their respective lives.]

"Item five. When my youngest child becomes twenty-five years of age, or in case she dies, on what would otherwise have been her twenty-fifth birthday all my estate, real and personal, shall at that time be turned over to my said children, Mark, Harry, and Alline, to whom I bequeath and devise all my property then in the hands of my executors, in fee simple. Should one or more of my said children die before the said time, then all of my said property shall at said time go to and belong to the survivors, or survivor of them.

"Item six. If all my said children die before the time above fixed for distribution, then all my estate is to go to and belong to the children then in life of my sister, Mrs. W. W. Rice, and my brother, W. C. Tolbert."

The testator died within a few months after executing his will, leaving surviving him his three minor children, Mark being the eldest and Alline the youngest. The will was duly probated. The testator also left surviving him a brother and a sister, named in item six of the will, and a brother who was not named in the will.

After the death of the testator and prior to the 25th birthday of his daughter, Alline, the testator's eldest son, Mark, married, had issue, and died intestate, leaving surviving him a widow and daughter as his sole heirs at law. These heirs at law brought a suit against the executors and legatees of Mark L. Tolbert and certain purchasers from them, praying for a construction of the will; for a decree that they are entitled to have and receive one third of the entire estate of Mark L. Tolbert, together with one third of all the rents, issues, and profits accruing therefrom from the date of the testator's death; for an accounting, injunction, and other relief. The petition was dismissed on general demurrer.

*Jones & Chambers, W. R. Tichenor,* and *King & Spalding,* for plaintiffs.

*Little, Powell, Smith & Goldstein, Ronald Ransom, Bachman & Simmons, Hines & Jordan, Evins & Moore, J. H. Porter, Rosser, Slaton, Phillips & Hopkins, Wimbish & Ellis, Candler, Thomson & Hirsch,* and *Bloodworth & Bloodworth,* for defendants.

EVANS, P. J. (After stating the foregoing facts.) The correctness of the judgment complained of involves a construction of the will of Mark L. Tolbert. If we give to it a fair interpretation, the only conclusion which can be reached is that the share devised to his son Mark, upon his death before the 25th birthday anniversary of his sister Alline, passed to his surviving brother and sister under the will, subject to the limitations therein imposed. The second item of the will relates to the powers given to his executors in raising funds to pay his debts and to free his property from incumbrances. The third item expresses a testamentary scheme to hold the corpus of the estate together until the 25th anniversary of the birth of his daughter; with a monthly division of the income amongst his children during this period, with provision that upon the death of a child the income during this period should be divided among the survivors. It will be seen that item three does not purport to dispose of the corpus of the estate. The testator deals with that question in items five and six. The testamentary expression is clear that upon the 25th anniversary of his youngest child, who was his daughter Alline, the executors were to turn over to his three children, Mark, Harry, and Alline, all the property in their hands; but should one or more of his children be dead at that time, all of his property should go to and belong to

the survivors or survivor of them; and in the event all of his children had died before the period fixed for distribution, his whole estate was to go to and belong to the children of his sister and his named brother. Such is the plain meaning of the testator's language. It is said that it is so improbable that the testator would desire to cut off from his bounty the offspring of a child dying before the period of distribution, that we should read into his will the testamentary intent that the devise of the interest of a deceased child to the survivors was dependent on the death of the child without issue. The testator used no language indicative of such intent. That he did not have such intent in mind is deducible, not only from the language employed in item five, but also from the sixth item, which conveys his whole estate to persons indicated, if all of his children had died prior to the time fixed by the testator for distribution. The will is unambiguous in expression. We fully recognize the rule that in an effort to ascertain the intention of the testator the court may transpose sentences or clauses and change connecting conjunctions, or even supply omitted words, in cases where the clause as it stands is unintelligible or inoperative, and the proof of intention is clear and unquestionable; but this very rule demands that "if the clause as it stands may have effect, it shall be so construed, however well satisfied the court may be of a different testamentary intention." Civil Code (1910), § 3900. It is the duty of courts to construe, and not to make wills. Under our construction, upon the death of Mark, the corpus of the property devised to him and income accruing after his death passed to his surviving brother and sister under the will; and the action to recover the same was properly dismissed on demurrer.

*Judgment affirmed. All the Justices concur.*