PACE *et al.* v. FORMAN *et al.*

GILBERT, J. An owner of land executed a deed, the material parts of which are as follows: "This indenture made this the 15th day of January, 1894, . . between W. J. Jackson and Cora Ella Harris and her body heirs, . . witnesseth that the said W. J. Jackson, for and in consideration of the natural love and affection he has for his daughter and her heirs, grandchildren, by Cora Ella Harris, hereby gives, grants, and conveys to the said Cora Ella Harris and her heirs and assigns all that tract of land [describing it] together with all the rights and privileges thereunto belonging, forever in fee simple." Cora Ella Harris, the daughter of W. J. Jackson, the grantor, conveyed the land as security to Forman, defendant in error. The plaintiffs, being all of the present children of Cora Ella Harris and all of her children at the time of the execution of the conveyance to her by Jackson, filed suit against Forman to recover their alleged four-fifths undivided interest in the land, for partition, for a decree establishing their title, and for injunction against Forman to restrain the foreclosure of his loan deed. The petition was dismissed on general demurrer, and the plaintiffs excepted. *Held:*

1. "Gifts or grants to one and the heirs of his body . . convey an absolute fee." Civil Code (1910), § 3661.
2. The reference in the deed under construction to grandchildren is to children of the grantee, and is by way of inducement or consideration. The granting clause conveys the land to Cora Ella Harris "and her heirs and assigns."
3. Applying the above principle, the deed, properly construed, conveys the absolute fee to Cora Ella Harris. Her children, though in life at the time the deed was executed, acquired no estate in the premises, either as tenants in common or as donees in remainder. *Ewing* v. *Shropshire*, 80 *Ga.* 374 (7 S. E. 554); *Stamey* v. *McGinnis*, 145 *Ga.* 226 (88 S. E. 935); *Lane* v. *Cordell*, 147 *Ga.* 100 (92 S. E. 887). Accordingly, a conveyance of the property by Cora Ella Harris to Forman vested title in her grantee. The court did not err in sustaining the general demurrer and dismissing the petition.

> *Judgment affirmed. All the Justices concur.*
> No. 1015. OCTOBER 17, 1918.

Equitable petition. Before Judge Eve. Worth superior court. May 17, 1918.

*Moore & Pomeroy* and *Tipton & Nottingham,* for plaintiffs.
*Whipple & McKenzie,* for defendants.