## SCOTT v. HARLEY.

HILL, J.　1. In 1889 Peter Bell, who was the father of America Bell, afterwards Martin, executed a deed to America Bell, who was then the mother of an infant, as follows: "State of Georgia, Tattnall County. This indenture, made this the 1st day of February, 1889, between Peter Bell, of the County of Tattnall, State aforesaid, of the one part, and America Bell, the daughter of Peter Bell, of the same place, of the other part, witness that the said Peter Bell for

and in consideration of the sum of one hundred and fifty dollars to him in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, hath granted, bargained, sold and conveyed and doth by these presents, grant, bargain, sell and convey unto America Bell, and the heirs of her body, a certain tract of land containing eighty-nine acres of land, more or less, on the waters of Slaughter Creek in the 1403 district G. M. in said county, fully represented by a plat of the same. To have and to hold said tract or parcel of land to her, America Bell, and the heirs of her body, together with all and singular the rights, members, and appurtenances thereof to the same in any manner belonging, to her and their own proper use, benefit, and behoof for ever in fee simple. And the said Peter Bell, for himself, his heirs and executors, administrators, the said bargained premises to the said America Bell, her and the heirs of her body, will warrant and forever defend the right and titles thereof, against themselves and against the claims of all other persons whomsoever." *Held*, that on the trial of a claim to the land, interposed in behalf of the infant against the enforcement of a judgment against the mother of the infant, dated February, 1921, the judge, to whom the case was submitted for decision without a jury upon an agreed statement of facts, did not err in holding the deed to be unambiguous, and that it conveyed a fee-simple title in the land to the mother, and in rendering judgment finding the entire property subject to the fi. fa. *Ewing* v. *Shropshire*, 80 *Ga.* 374 (7 S. E. 554); *Craig* v. *Ambrose*, 80 *Ga.* 134 (4 S. E. 1); *Whatley* v. *Barker*, 79 *Ga.* 790 (4 S. E. 387); *Griffin* v. *Stewart*, 101 *Ga.* 720 (29 S. E. 29); *Hollifield* v. *Stell*, 17 *Ga.* 280; *Pace* v. *Forman*, 148 *Ga.* 507 (97 S. E. 70); *Stamey* v. *McGinnis*, 145 *Ga.* 226 (88 S. E. 935); *Durant* v. *Muller*, 88 *Ga.* 251 (14 S. E. 612); *Jones* v. *Jones*, 20 *Ga.* 699.

*Judgment affirmed. All the Justices concur.*

No. 2547. JANUARY 13, 1922.

Claim. Before Judge Sheppard. Tattnall superior court. February 22, 1921.

*W. T. Burkhalter,* for plaintiff in error.

*H. C. Beasley,* contra.