MOSLEY *et al. v.* BROWN, administrator.

1. A deed executed on February 11, 1901, between certain parties of the first part, " and Camilla Mosley and the heirs of her body by Henry T. Mosley, .. . of the second part," wherein the grantors conveyed " unto said party of the second part, heirs and assigns," certain described lands, to " the only proper use, benefit, and behoof of the said parties of the second part, their heirs, executors, and administrators and assigns," with warranty of title " unto the said parties of the second part, her heirs, executors, and administrators and assigns," created an absolute estate in fee in the mother to the exclusion of her children in esse at the date of said. conveyance.
2. It follows that a party claiming under the mother obtained a good title to the premises so conveyed, as against her children.

No. 3305. JANUARY 17, 1923.

Complaint for land. Before Judge Munro. Taylor superior court. May 13, 1922.

L. L. Brown, as administrator of the estate of Alfred Shepard, brought suit against Olin Knolton, H. H. Mosley, P. P. Mosley, B. V. Mosley, Mrs. R. R. Watts, and Mrs. G. G. Johnson, to recover a certain tract of land which is fully described in the petition. Both the plaintiff and the defendants claim under a common grantor, under a deed dated February 11, 1901, between Pickins Byrd and others, " of the first part, and Camilla Mosley and the heirs of her body by Henry, T. Mosley, of the second part." This deeds recites " that the said parties of the first part, for and in consideration of the sum of $385, . . have granted, bargained, sold, and . . confirmed . . unto the said parties of the second part, heirs and assigns," a certain tract of land which is fully described in said deed, and which constitutes the premises in dispute. The habendum of said deed is as follows: " To have and to hold the said above granted and described property . . to the only proper use, benefit, and behoof of the said parties of the second part, their heirs, executors, and administrators, and assigns, in fee simple; and the said parties of the first part the said bargained property above described unto the said parties of the second part, her heirs, executors, and administrators and assigns, against the said parties of the first part, their heirs, executors, and assigns, and against all and every other person or persons, shall and will and does hereby warrant and forever defend by virtue of these presents." It was agreed between the parties that the right of the plaintiff to recover depends upon the construction of the above

49

deed. It was agreed that the defendants are the heirs of the body of Camilla Mosley by Henry T. Mosley, and were all in life at the time this deed was made. The only question submitted to the court was whether the deed conveyed to Camilla Mosley an absolute fee, to the exclusion of her said children by Henry T. Mosley. If so, the plaintiff was entitled to recover, and the judgment of the court below should be affirmed. If the said children of Camilla Mosley take any interest in the land conveyed by this deed, then judgment should have been rendered in favor of the defendants.

C. W. Foy, for plaintiffs in error.

W. E. Steed and Brown & Brown, contra.

HINES, J. (After stating the foregoing facts.) The deed, under which both parties claim, is between Pickins Byrd and others, " of the first part, and Camilla Mosley and the heirs of her body by Henry T. Mosley, . . of the second part." This language appears in the statement of the parties to this instrument, and does not appear in the body of the deed. Standing alone, this language created a grant of the premises in dispute to " Camilla Mosley and the heirs of her body by Henry T. Mosley," and by the express language of the Civil Code (1910), § 3661, conveyed to the mother an absolute fee. Lane v. Cordell, 147 Ga. 100 (92 S. E. 887). But as this language is found in that part of this instrument which names the parties thereto, it would not be controlling, if the language of the conveying and habendum clauses required a different construction and conclusion. The conveyance is " unto the said party of the second part, heirs and assigns." The singular number is used in describing the party of the second part, and the reference here is clearly to Camilla Mosley. This constitutes a conveyance of the absolute fee to Camilla Mosley. Douglas v. Johnson, 130 Ga. 472 (60 S. E. 1041) ; Pace v. Forman, 148 Ga. 507 (97 S. E. 70). The habendum clause is " to the only proper use, benefit, and behoof of the said parties of the second part, their heirs, executors, and administrators and assigns, in fee simple." Who are the parties of the second part here referred to? To answer this question, we must look to the caption of the deed in which the parties thereto are named; and we find that they are " Camilla Mosley and the heirs of her body by Henry T. Mosley." The convenant of warranty is " unto the said parties of the second part, her heirs, executors, and administrators and assigns."

Who are the parties of the second part here referred to? Clearly, they are the same as those named in the caption of th deed, and are " Camilla Mosley and the heirs of her body by Henry T. Mosley." Having to refer to the caption to ascertain who are the parties of the second part referred to in the conveying and habendum clauses of this deed, the effect is the same as if the language, " Camilla Mosley and the heirs of her body by Henry T. Mosley," had been repeated in these clauses. In that event, Camilla Mosley would have taken the absolute fee in these premises, to the exclusion of her children. *Lane* v. *Cordell,* supra. So, construing the several parts of this deed together, we reach the conclusion that it conveyed to the mother an absolute estate in the premises in dispute, and that her children in life at the time of this conveyance do not take any interest therein. *Whatley* v. *Barker,* 79 *Ga.* 790 (4 S. E. 387) ; *Durant* v. *Muller,* 88 *Ga.* 251, 257 (14 S. E. 612) ; *Griffin* v. *Stewart,* 101 *Ga.* 720 (29 S. E. 29) ; *Stamey* v. *McGinnis,* 145 *Ga.* 226 (88 S. E. 935).

Counsel for plaintiffs in error refer to *Gray* v. *Gray,* 20 *Ga.* 804 ; *Jackson* v. *Coggin,* 29 *Ga.* 403, *Hoyle* v. *Jones,* 35 *Ga.* 40 (89 Am. D. 273), *Tharpe* v. *Yarbrough,* 79 *Ga.* 382 (4 S. E. 915, 11 Am. St. R. 439), *Ewing* v. *Shropshire,* 80 *Ga.* 374 (7 S. E. 544), *Plant* v. *Plant,* 122 *Ga.* 763 (50 S. E. 961), and *Turner* v. *Barber,* 131 *Ga.* 444 (62 S. E. 587), to sustain their contention that the mother and her children, under this deed, took said property as tenants in common. Suffice it to say, that in none of these cases were there grants to one and his or her heirs by a named person.

Under the stipulation between the parties to this cause, the judgment of the court below is to be affirmed if it be found that Camilla Mosley took an absolute fee in the premises in dispute, to the exclusion of her children in esse at the date of said conveyance. We find that she took such absolute estate.

*Judgment affirmed.   All the Justices concur.*