KENNEDY *et al. v.* FIRST NATIONAL BANK OF VIDALIA.

ATKINSON, J.  1.  W. H. Kennedy Sr. executed a deed to his son, Linton Kennedy, May 23, 1913, and died on the 17th of the following September. The deed was duly recorded. Omitting the formal parts the deed was as follows: "Witnesseth: That the said party of the first part, for and in consideration of the sum of $100.00 in hand paid at and before the signing and sealing and delivery of these presents, the receipt whereof is hereby acknowledged, and the natural love and affection that the party of the first part has for the party of the second part, has granted, bargained, sold and conveyed, and by these presents doth grant, bargain, sell and convey, subject to further limitations and exceptions herein stated, unto the said party of the second part, his heirs and assigns, all that tract or parcel of land lying and being in the 1601st Dist. G. M. of said County of Tattnall and State, and bounded as follows: North by lands of Lonnie Kennedy and Ida Mae Kennedy, East by lands of Mrs. W. H. Kennedy Sr. dowery; South by lands of W. H. Kennedy and Lizzie Kennedy, Tan Trough Branch; and West by Cold Water Branch, known as the Kennedy Cobb place, containing 190 acres, more or less. (a) That this deed is not to be delivered till date of death of party of first part. (b) That it is hereby expressly provided that the title to the turpentine privileges of the aforesaid tract of land does not pass, but are expressed [expressly?] reserved to the estate of the party of the first part, as will fully appear by will made of even date herewith; the lease of the said turpentine to continue three years from the date of said lease, after which said time said turpentine privileges revert back to said party of the

second part, his heirs and assigns, this lease to be made at any time after the date of the death of party of the first part, before 1919; and if not made before 1919, to be made during the year 1919. (c) It is hereby expressly provided that the title to the said land is to pass to the party of the second part and his law heirs, and that same is not to be sold during the life of the party of the second part nor until the youngest child is twenty-one years of age. (d) It is also expressly provided that this deed is to be recorded in the clerk's office of said county instanter upon delivery, and that said deed is not to take effect until recorded as aforesaid. To have and to hold the said bargained premises with [all?] and singular the rights, members, and appurtenances thereof to the same being or belonging or in anywise appertaining thereto, to the only proper use and behoof of Linton Kennedy, the said party of the second part, his heirs and assigns, in fee simple. And the said party of the first part, his heirs and assigns, and administrators will warrant and forever defend the right and title to the above-described property against the claims of all persons whatsoever." Linton Kennedy did not have any children at the date of the deed, but subsequently to the death of the grantor married, and two children were born as the issue of the marriage. *Held:*

1. Upon proper construction of the deed the children of Linton Kennedy did not take remainder interests in the land in virtue of the deed. This ruling results from application of principles stated in *Stamey* v. *McGinnis*, 145 *Ga.* 226 (88 S. E. 935), though the language of the instrument there under consideration was different from the language of the above-quoted deed.

2. On the trial of a case based on a statutory claim interposed by the children of Linton Kennedy to the levy of a fi. fa. on the land on behalf of a creditor of Linton Kennedy, the judge trying the case by consent without a jury did not err, as against the claimants, in ordering the fi. fa. to proceed.

3. The claimants abandoned all right to a recovery on the basis of another deed from Linton Kennedy to them, and depended entirely upon the deed quoted in the first division, contending that upon a proper construction of that deed they acquired interests in the property as tenants in remainder. *Judgment affirmed. All the Justices concur.*

No. 4485. AUGUST 14, 1925.

Claim. Before Judge Sheppard. Tattnall superior court. June 12, 1924.

*H. H. Elders,* for plaintiffs in error. *H. C. Beasley,* contra.