SOUTHWELL *et al. v.* PURCELL.

No. 8032.   MAY 16, 1931.

*P. M. Anderson,* for plaintiffs.

*II. H. Elders* and *John P. Rabun,* for defendant.

HILL, J. (After stating the foregoing facts.) This case turns upon the proper construction of the deed from W. H. Kennedy, the father of Cora Belle Kennedy, by which he conveyed to her the

land in question, "to the party of the second part, and the heirs of her body, and that same is not to be sold during the life of said party of the second part, nor until all of said heirs are twenty-one years of age." The tenendum clause provides: "To have and to hold these said bargained premises, together with all and singular the rights, members, and appurtenances thereof to the same being, belonging, or in any wise appertaining, to the only proper use, benefit, and behoof of Cora Belle Southwell, the said party of the second part, her heirs and assigns, in fee simple." The Civil Code (1910), § 3661, provides: "Estates tail are prohibited and abolished in this State. Gifts or grants to one, and the heirs of his body, or his heirs male or heirs female, or his heirs by a particular person, or his children, or his issue, convey an absolute fee. Estates tail being illegal, the law will never presume or imply such an estate." And see §§ 3656-3662. In *Stamey* v. *McGinnis,* 145 *Ga.* 226 (88 S. E. 935), the language of the tenendum clause was: "To have and to hold the said bargained premises together with all and singular the rights, members, and appurtenances thereof to the same being, belonging, or in any wise appertaining, to the only proper use, benefit, and behoof of Fanny Stamey and her bodily heirs, the said party of the second part, her bodily heirs, executors, administrators, and assigns, in fee simple." And there follows a warranty clause, as in the present case. It was held, that, construing the deed all together, it conveyed a fee-simple estate to Mrs. Stamey; citing *Ewing* v. *Shropshire,* 80 *Ga.* 374 (7 S. E. 554), where it was held: "A conveyance by deed of gift from a father to his daughter, executed since the adoption of the code, to wit, in March, 1877, to which the father and daughter were the only parties, and by which he conveyed certain described realty to her, 'and the lawful heirs of her body begotten, to her and their sole and separate use, and free from all debts, liabilities, and contracts of her present or any future husband,' to have and to hold unto her 'and her heirs, . . to her and them, and their own proper use, benefit, and behoof, forever in fee simple,' and warranting title to her 'and her heirs and their assigns,' passed the absolute fee to the daughter alone; and her child, though in life at the time the deed was executed, acquired no estate in the premises, either as tenant in common or as donee in remainder." In *Lane* v. *Cordell,* 147 *Ga.* 100 (92 S. E. 887), it was held: "Where a deed conveyed property to

'A. and the heirs of her body by O., their heirs and assigns,' and the tenendum and warranty clauses provided that the property conveyed was to be held for the use, benefit, and behoof of the said A. and the heirs of her body by O., their heirs, executors, administrators, and assigns, in fee simple, O. warranting the title unto A., and the heirs of her body by O., their heirs, executors, administrators, etc., against the said O., his heirs, etc., and against all other persons, A. took a fee-simple title to the property conveyed, although she had children in life at the time of the execution of the deed by O."

In *Pace* v. *Forman,* 148 *Ga.* 507 (97 S. E. 70), an owner of land executed a deed as follows: "This indenture made this the 15th day of January, 1894, . . between W. J. Jackson and Cora Ella Harris and her body heirs, . . witnesseth that the said W. J. Jackson, for and in consideration of the natural love and affection he has for his daughter and her heirs, grandchildren, by Cora Ella Harris, hereby gives, grants, and conveys to the said Cora Ella Harris and her heirs and assigns all that tract of land [describing it], together with all the rights and privileges thereunto belonging, forever in fee simple." Cora Ella Harris, the daughter of W. J. Jackson, the grantor, conveyed the land as security to Forman. The plaintiffs, being all of the present children of Cora Ella Harris, and all of her children at the time of the execution of the conveyance to her by Jackson, filed suit against Forman to recover their alleged four-fifths undivided interest in the land, for partition, for a decree establishing their title, and for injunction against Forman to restrain the foreclosure of his loan deed. The petition was dismissed on general demurrer, and the plaintiffs excepted. It was held: "Gifts or grants to one and the heirs of his body convey an absolute fee. . . Applying the above principle, the deed, properly construed, conveys the absolute fee to Cora Ella Harris. Her children, though in life at the time the deed was executed, acquired no estate in the premises, either as tenants in common, or as donees in remainder. . . Accordingly, a conveyance of the property by Cora Ella Harris to Forman vested title in her grantee. The court did not err in sustaining the general demurrer and dismissing the petition." And see *Kennedy* v. *First National Bank of Vidalia,* 160 *Ga.* 807 (129 S. E. 90); *Keith* v. *Chastain,* 157 *Ga.* 1 (121 S. E. 233); *Lumpkin* v. *Patterson,* 170 *Ga.* 94, 104 et seq. (152 S. E. 448); *West* v. *Wright,* 115 *Ga.* 277

(41 S. E. 602); Montgomery v. Reeves, 167 Ga. 623 (146 S. E. 311). The language construed by this court in the foregoing cases is very similar to the language of the deed in the case under consideration; and in view of the authorities cited, we reach the conclusion that Mrs. Cora Belle Southwell took an absolute fee in the land conveyed by her father, and that when she conveyed the same as security the defendant obtained title thereto for that purpose; and we reach the further conclusion that the trial judge at the interlocutory hearing did not err in sustaining the general demurrer and in dismissing the petition.

Judgment affirmed. All the Justices concur.
RUSSELL, C. J., concurs in the judgment.