HARPER *et al. v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY *et al.*

No. 8198. JULY 15, 1931.

*W. F. Moore,* for plaintiffs.

*W. R. Mixon* and *Rogers & Rogers,* for defendants.

HINES, J. On June 22, 1899, William Paulk executed to "Mrs. Maggie Harper and the legal heirs of her body" a deed to a certain described tract of land. The granting clause is "unto the said party of the second part, their heirs and assigns." The habendum clause is "to the only proper use, benefit, and behoof of the said parties of the second part, their heirs, executors, administrators, and assigns forever, in fee simple." The grantor warrants "unto the said party of the second part, their heirs, executors, administrators and assigns," the property conveyed. On November 29, 1919, Mrs. Harper executed to John Hancock Mutual Life Insurance Company, to secure a loan of $3,000, her deed to the property so conveyed. The security deed contained a power of sale; and the

company was threatening to exercise that power on account of default in the payment of the loan. Lonnie Harper, and others, children of Maggie Harper, filed their petition in which they sought to enjoin the insurance company from selling the land under the power of sale, upon the ground that the deed from Paulk created a life-estate in their mother, with remainder over to them. The company demurred upon the ground that the petition sets forth no cause of action, for the reason that the Paulk deed conveyed an absolute fee-simple title to the grantee. The judge sustained the demurrer and dismissed the petition, and the plaintiffs excepted.

1. A conveyance by deed for a valuable consideration, executed on June 22, 1899, "between William Paulk . . as party of the first part, and Mrs. Maggie Harper and the legal heirs of her body . . as parties of the second part," Maggie Harper being the daughter of the grantor, the granting clause being "unto the said party of the second part, their heirs and assigns," the habendum clause being "to the only proper use, benefit, and behoof of the said parties of the second part, their heirs, executors, administrators, and assigns forever, in fee simple," and warranting title "unto the said party of the second part, their heirs, executors, administrators, and assigns," passed the absolute fee to the daughter alone; and her children, though in life at the time the deed was executed, acquired no estate in the premises, either as tenants in common or as donees in remainder. *Ewing* v. *Shropshire, 80 Ga.* 374. This is especially so where it does not appear that the daughter had any child in existence at the time when said deed was made. "Gifts or grants to one, and the heirs of his body, or his heirs male or heirs female, or his heirs by a particular person, or his children, or his issue, convey an absolute fee." Civil Code (1910), § 3661. A conveyance to a woman "and the heirs of her body," according to the quoted provision of the code, vests the absolute fee in her, "and the heirs of her body" take no interest in such a conveyance. *Whatley* v. *Barker,* 79 *Ga.* 790 (4 S. E. 387) ; *Durant* v. *Muller,* 88 *Ga.* 251 (14 S. E. 612) ; *Griffin* v. *Stewart,* 101 *Ga.* 720 (29 S. E. 29) ; *Lane* v. *Cordell,* 147 *Ga.* 100 (92 S. E. 887) ; *Scott* v. *Hardy,* 152 *Ga.* 537 (110 S. E. 285) ; *Mosley* v. *Brown,* 154 *Ga.* 769 (115 S. E. 260).

2. The case would be different if the conveyance had been to the

daughter and the heirs of her body after her death. In such a case the deed would have conveyed a life-estate to the daughter, with remainder to her children. § 3661, supra; *Cooper* v. *Mitchell Investment Co.*, 133 *Ga.* 769 (66 S. E. 1090, 29 L. R. A. (N. S.) 291); *King* v. *McDuffie*, 144 *Ga.* 318 (87 S. E. 22); *Perkins* v. *Perkins*, 147 *Ga.* 122 (92 S. E. 875); *Banks* v. *Morgan*, 163 *Ga.* 468 (136 S. E. 434).

3. The trial judge did not err in sustaining the demurrer to the petition. *Judgment affirmed. All the Justices concur.*