18866. HILL *et al.* v. LANG.
18879. LANG v. HILL, next friend, *et al.*

Argued February 15, 1955—Decided March 16, 1955.

486

*Ben T. Willoughby, Gibson & Maddox,* for Hill et al.
*L. A. Hargreaves, Franklin, Eberhardt & Barham,* contra.

MOBLEY, Justice. ■ A motion was made in the Supreme Court to dismiss the writ of error in case 18866, on the ground that the bill of exceptions was premature because the second count was still pending in the trial court. No cause shall be carried to the Supreme Court upon any bill of exceptions while the same is pending in the court below, unless the judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto. Code (Ann. Supp.) § 6-701, Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 455. Ordinarily, where a petition is in two counts, one of which is stricken on general demurrer, an exception by the plaintiff is premature and must be dismissed.

*Johnson* v. *Henry & Co.,* 178 *Ga.* 542 (1) (174 S. E. 140); *Carhart* v. *Mackle,* 22 *Ga. App.* 520 (96 S. E. 591); *Southern Flour & Grain Co.* v. *Levy Rice Milling Co.,* 22 *Ga. App.* 554 (96 S. E. 593); *Stein* v. *Lazarus,* 33 *Ga. App.* 791 (1) (128 S. E. 696). However, when equity cases require final judgments on separate issues, such judgments are reviewable by direct bills of exceptions while other issues made in the case are still pending in the court below, and it is sometimes difficult in equity cases to determine whether a judgment is final in its nature. In *Booth* v. *State of Georgia,* 131 *Ga.* 750, 756 (63 S. E. 502), it was said: "To be final it does not necessarily mean that the judgment disposes of the entire case. A judgment may be rendered separable from a judgment disposing of the entire case, and yet be a judgment that is final as to some of the substantial rights of the parties as contended for in their pleadings. It is final when, as to the subject-matter of the judgment, any of the substantial rights of the parties litigant are finally settled by the judgment." See also *Mendenhall* v. *Stovall,* 191 *Ga.* 452, 455 (12 S. E. 2d 589); *Edwards* v. *United Food Brokers,* 196 *Ga.* 241, 248 (26 S. E. 2d 348).

The purpose of Code § 6-701, supra, is to prevent cases from being brought to this court by piecemeal. *Moody* v. *Muscogee Mfg. Co.,* 134 *Ga.* 721 (2) (68 S. E. 604, 20 Ann. Cas. 301). The entire case is here for review, and a decision on the question of whether or not the allegations in count one are sufficient to allege that the petitioners are the owners of a fee-simple title to the property would decide all the issues in both cases. Therefore, since all parties and all issues are before the court, it would be a useless waste of time and defeat the very reason for the rule preventing cases from being brought to this court by piecemeal, to sustain the motion to dismiss the bill of exceptions complaining of the judgment sustaining the general demurrer to count one, and send the case back for trial on count two, where a trial on that count would be in the end meaningless in the event this court should hold on some subsequent appearance of this litigation that the allegations of count one are sufficient to allege that the petitioners owned a fee-simple title. By a ruling on the question of whether or not the allegations in count one are sufficient to allege that the petitioners are the owners of the fee-simple title, the very heart of this case would be reached, and a decision

488

of that question would decide every issue involved in these cases.

While the petition in the present case was brought in two counts, identical in all respects except that in count one it is alleged that the petitioners are the owners of a fee-simple title, and in count two that they own a life estate, the position of the defendant as to both counts is that the petitioners own neither. If they own either, they would be entitled to the relief prayed for. Count one, alleging they own a fee simple-title, really embraces and includes the life estate alleged in count two. While the petition is brought in two counts, it states only one cause of action, and the only question involved is whether the petitioners own a fee-simple title, or a life estate, or no interest at all. Compare *Saliba* v. *Saliba*, 202 *Ga.* 791 (6) (44 S. E. 2d 744).

It is the duty of this court to do full and complete justice wherever possible; and, since a decision on the question of whether or not the allegations in count one are sufficient to allege that the petitioners own the fee-simple title, where as here both cases are under review in which all the issues are raised, the only reasonable and practical action for this court to take is to decide the issue and dispose of the cases without a lot of useless and meaningless litigation. Accordingly, the motion to dismiss the writ of error in case 18866 is denied.

■ These cases involve a proper construction of the deed from Timothy Fussell to David R. Hill, the father of the petitioners, dated July 1, 1897, by which he conveyed the land in dispute to David R. Hill during his natural life, and after his death to pass to his legal heirs at law to the second generation.

This court has held that a grant to A and the heirs of her body, or words of similar import, operates to vest the fee-simple title in A. *Stamey* v. *McGinnis*, 145 *Ga.* 226 (88 S. E. 935) ; *Lane* v. *Cordell*, 147 *Ga.* 100 (92 S. E. 887) ; *Pace* v. *Forman*, 148 *Ga.* 507 (97 S. E. 70) ; *Scott* v. *Harley*, 152 *Ga.* 537 (110 S. E. 285) ; *Southwell* v. *Purcell*, 172 *Ga.* 739 (158 S. E. 588). This rule would not apply, however, where, as here, a less estate has been carved out, and the term "heirs of her body," or words of similar import, are used in connection with a limitation over in remainder, and the words of remainder establish a class who shall take after the expiration of the life estate. *Singer* v. *First National Bank &c. Co.*, 195 *Ga.* 269, 272 (24 S. E. 2d 47) ; *Sikes* v. *Moxley*, 201 *Ga.* 76, 79 (38 S. E. 2d 671).

"Estates in remainder may be created for persons not in being; and if the remainder is vested, it opens to take in all persons within the description coming into being up to the time enjoyment commences." Code § 85-706. In *Gibbons* v. *International Harvester Co.*, 146 *Ga.* 467 (1), 468 (91 S. E. 482), it was said: "The devise was to W. S. Gibbons for life, and to his children as a class in remainder. No child of the life-tenant was in esse at the death of the testator, and the remainder was therefore contingent until the birth of a child; but upon the birth of a child the title to the remainder immediately vested, subject to open and take in all other children born before the termination of the life-estate. *Crawley* v. *Kendrick*, 122 *Ga.* 183 (50 S. E. 41, 2 Ann. Cas. 643); *Milner* v. *Gay*, 145 *Ga.* 858 (90 S. E. 65)." The rule is the same in the case of deeds and wills. *Padgett* v. *Hatton*, 200 *Ga.* 209, 212 (36 S. E. 2d 664).

Under a proper construction of the deed here involved, the petitioners acquired a fee-simple title to the land upon the death of their father, who was granted a life estate in the deed from Timothy Fussell. Accordingly, the allegations of count one of the petition are sufficient to set forth a cause of action, and the trial court erred in sustaining the defendant's general demurrer to count one.

■ The allegations of count two of the petition—to the effect that the defendant is claiming title as the sole legatee in the will of Paul M. Lang, deceased—are not subject to the defendant's special demurrer, on the ground that a copy of the will is not attached. While copies of writings should be incorporated in or attached to the petition in all cases in which they constitute the cause of action (Code § 81-105), the above will did not form the basis of any relief sought, or constitute the cause of action or any part of it. *Simpson* v. *Charters*, 185 *Ga.* 592 (2) (196 S. E. 31); *Parnell* v. *Wooten*, 202 *Ga.* 443, 449 (43 S. E. 2d 673).

■ The allegations of count two of the petition—to the effect that the defendant had received the profits from the land since the death of the life tenant, of the yearly value of $1,500—are averments of fact, and the trial court did not err in refusing to strike the above allegations as conclusions of the pleader.

■ It having been held, in division 2 of this opinion, that the allegations in count one of the petition are sufficient, as against

general demurrer, to allege that the petitioners are the owners of a fee-simple title to the land in question, it necessarily follows that the trial court did not err in overruling the defendant's general demurrer to count two, wherein the petitioners claimed only a life-estate interest in the land.

*Judgment reversed in case 18866, and affirmed in case 18879. All the Justices concur.*