**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-12170

Non-Argument Calendar

_____

SCOTT BROWN,

*Plaintiff-Counter Defendant-Appellant,*

*versus*

TRAVIS E. TAYLOR,
GARY R. SOLT,
AMANDA L. SOLT,
JONATHAN D. MCCOLLOUGH,
JENNIFER M. SANDERSON, et al.,

*Defendants-Counter Claimants-Appellees,*

AG SOUTH FARM CREDIT ACE, et al.,

*Defendants.*

———————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 3:23-cv-00175-TCB

———————————————

Before JILL PRYOR, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

Scott Brown appeals the District Court's dismissal of his amended complaint for failure to state a claim. He argues that the Court erred by viewing that facts in the light most favorable to the defendants when it found that he did not provide a sufficient land description or sufficient evidence of title. We disagree and affirm.

## I.

In December 1829, Edmund Lashley was granted a Georgia Land Grant for 202.5 acres of land in Troup County, Georgia, via a Georgia land lottery. The grant stated that it granted

> all that tract or lot of land, containing two hundred two and a half acres, situated, lying and being in the Third District, of the THIRD Section, in the County of Troupe in said State, which said tract or lot of land is known and distinguished in the plan of said District by the number Eighty Two having such shape, form and marks as appear by a plat of the same hereunto annexed . . . unto . . . Edmund Lashley his heirs and assigns . . . forever in fee simple.

Scott Brown claims to be a direct descendant of Lashley and claims to have fee simple rights to the land. He brought an ejectment action under Georgia Code § 44-11-1 against the current owners of the land: Travis E. Taylor; Gary R. Solt; Amanda L. Solt; Jonathan D. McCollough; Jennifer M. Sanderson; and Flop Shot Properties, LLC. He also sought damages for the unauthorized use and occupation of the land and the "engagement of timber and/or mineral operations" on the land. Brown later filed an amendment to add multiple lenders to the suit—AG South Farm Credit ACA; First Peoples Bank; Mortgage Electronic Registration System, Inc.; and SunTrust Mortgage, Inc. (which is now known as Truist Bank)—because they have security interests in the land, which Brown sought to set aside.

In support of his claim, Brown submitted a copy of the 1829 land grant with a plat map, screenshots of Archives.com, a 1920 census, an 1860 census, and three certificates of live birth. He also submitted an affidavit in which he restates the allegations in his complaint and a quitclaim deed that he executed on July 25, 2023, providing:

> between Scott Brown as Grantor; and Scott Brown as Grantee witnesseth: that in consideration of the sum of $0.00, the said Scott Brown, by inheritance and as an heir of Edmund Lashley, has succeeded to his ownership of the State of Georgia Land Grant, issued to my ancestor Edmund Lashley on December 18, 1829; as a direct heir of Edmund Lahsley [sic], do convey and quit claim unto the said Scott Brown, all interest, rights, title, and claim in or to All that certain plot,

piece or parcel of land, with the buildings and im-
provements thereon erected, situated, lying and be-
ing in the County of Troupe, Georgia.

Brown contends that his title "is good against the world, as
an unbroken chain of title exists from the Sovereign State of Geor-
gia." He states that the property was never conveyed to another
but that, instead, his ancestors "were forced off their lands through
a myriad of intimidation tactics such as burning homes, which was
the case with my ancestor Edmund Lashley's Georgia home."[1]

The landowners filed a motion to dismiss for failure to state
a claim on February 1, 2024, and the lenders filed one on February
13, 2024. The District Court granted both on June 4, stating that
Brown's amended complaint failed to provide a sufficient land de-
scription or sufficient evidence of title, so it failed to state a claim
upon which relief could be granted. Brown timely appeals.[2]

**II.**

Brown argues that he provided a sufficient land description
and sufficient evidence of title and that the District Court improp-
erly construed his allegations in the light most favorable to the de-
fendants and, thus, improperly dismissed his complaint for failure
to state a claim.

---

[1] Though, Brown does not show that this Georgia home was on the 202.5
acres he seeks.

[2] The landowners and lenders filed a joint response.

24-12170                Opinion of the Court                5

We review de novo a district court's dismissal for failure to state a claim under Rule 12(b)(6). *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). To survive the motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007), not "merely possible," *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019). This requires factual allegations that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. Though, in this analysis, the court takes "the factual allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff[]," *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010), it does not accept as true the complaint's legal conclusions, including those "legal conclusion[s] couched as . . . factual allegation[s]," *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986). Further, exhibits attached to a complaint are "part of the pleading for all purposes, including for ruling on a motion to dismiss." *Gill as Next Friend of K.C.R.*, 941 F.3d at 511 (citation and internal quotation marks omitted).[3]

In Georgia, a plaintiff seeking ejectment "must establish that at the time of filing his action, he possesses legal title or its equivalent, as well as the right of entry." *Bell v. Lopez*, 368 Ga. App. 101, 888 S.E.2d 284, 289 (2023), *cert. denied* (Nov. 7, 2023). And "[i]t

---

[3] We have recognized that "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009).

is essential to the maintenance of [the] action . . . that the premises alleged to have been demised be described with such certainty" that, if the plaintiff prevails, the writ of possession issued upon the judgment "so identif[ies] the premises . . . that the sheriff in the execution of the writ can deliver the possession in accordance with the mandate." *Scoville v. Lamar*, 149 Ga. 333, 100 S.E. 96, 96 (1919).

Further, "[e]state[] tail[s] are prohibited and abolished" under Georgia law, and any "[g]ifts or grants to a person and [his] heirs . . . shall convey an absolute fee." Ga. Code § 44-6-24(a). And, though "[a] patent is the highest evidence of title . . . against . . . all claiming under junior patents or titles" at that time, *United States v. Stone*, 69 U.S. 525, 535 (1864), a patent does not trump the title of those who were later transferred the land. In other words, the holder of a patent can transfer his land just like any other fee simple interest. *See French's Lessee v. Spencer*, 62 U.S. 228, 239 (1858) (finding that the holder of a patent properly conveyed his land via a deed). Finally, "a quitclaim deed conveys to the grantee only such interest as the grantor has." *Georgia Lien Servs., Inc. v. Barrett*, 272 Ga. App. 656, 657, 613 S.E.2d 180 (2005).

Here, Brown argues that the District Court erred in finding that he failed to provide a sufficient land description, because he attached a copy of the land grant and plat map as exhibits to his complaint. We need not decide this issue because we agree with the District Court that Brown also failed to provide sufficient evidence of title. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("To obtain reversal of a district court

24-12170                Opinion of the Court                7

judgment that is based on multiple, independent grounds, an ap-
pellant must convince us that every stated ground for the judgment
against him is incorrect.").[4]

   Brown claims ownership of the land in question based on a
land grant to "Edmund Lashley his heirs and assigns . . . forever in
fee simple." Because Georgia does not recognize fee tails, the land
grant provided fee simple absolute ownership to Lashley.[5] As such,
the land could have been transferred to another at any point just

---

[4] Brown did not expressly argue that the Court failed to sua sponte grant him
leave to amend his complaint, but he did state that the District Court's judg-
ment should be reversed and remanded with instructions to allow him the
opportunity to amend. This appears to be related to his statement that he
"could have easily addressed in an amended complaint" the issues with the
plat map he submitted. Because we decide this case based on the insufficient
title, we need not consider whether the Court erred here (or whether the ar-
gument that it did err was properly made).

[5] Brown argues that Georgia's law invalidating fee tails does not apply to con-
tracts and that the District Court violated United States Supreme Court prec-
edent by finding the fee tail in the present land grant invalid. However, Brown
misquotes and misinterprets the cases that he cites for support. While the con-
stitution forbids the United States "to pass any law impairing the obligation of
contract," *Fletcher v. Peck*, 10 U.S. 87, 123 (1810), abolishing fee tails did not do
that. Indeed, Georgia's obligation under this land grant was to transfer the
land, and abolishing the feel tail did not annul that transfer. It simply changed
how the transfer was later treated. Georgia's abolishment of the fee tail does
apply to contracts for the transfer of land. *See, e.g.*, *Southwell v. Purcell*, 172 Ga.
739, 158 S.E. 588, 590 (1931) (stating that a deed conveying land to the gran-
tor's daughter and her heirs conveyed an absolute fee to the daughter); *Harper
v. John Hancock Mut. Life Ins. Co.*, 173 Ga. 51, 159 S.E. 687, 688 (1931) ("A con-
veyance to a woman 'and the heirs of her body' . . . vests the absolute fee in
her, 'and the heirs of her body' take no interest in such a conveyance.").

like any other fee simple interest. And Brown does not show that no such transfer occurred. The closest he comes to that is his assertion that his ancestors never conveyed the land to another but "were [instead] forced off their lands through a myriad of intimidation tactics such as burning homes."[6] He provides no support for this statement. It is a "legal conclusion couched as a factual allegation" at best, *Papasan*, 478 U.S. at 286, 106 S. Ct. at 2944, so the Court need not accept it as true and construe it in the light most favorable to Brown. In other words, it is pure speculation and, thus, is not enough to show a right to relief that is plausible, instead of "merely possible" on its face. *Gill as Next Friend of K.C.R.*, 941 F.3d at 511. Brown failed to state a claim upon which relief can be granted.[7]

---

[6] Brown also provides a quitclaim deed in which he granted to himself the rights to the land. However, a quitclaim deed can transfer only the rights that the grantor has. *Georgia Lien Servs.*, 272 Ga. App. at 657. It does not establish that Brown had any rights in the first place, so it is meaningless for this analysis.

[7] Brown also explained that Flop Shot Properties, LLC, was administratively dissolved by the state, so its "claim of interest in the subject patented lands was meritless." However, Brown simply recites law governing the termination process. He provides no statute or case stating that an administratively dissolved company loses its interest in its land or loses the ability to defend a lawsuit against it.

### III.

We affirm the District Court's dismissal of Brown's amended complaint.[8]

**AFFIRMED.**

---

[8] Brown also argued that this case should be assigned to a different judge on remand. Because we affirm the District Court's decision, we need not discuss that argument.