## KING *et al. vs.* WHITTLE.

Where a woman having a dower estate re-married in 1856, and a portion of the land was cultivated by her husband, and other portions by his tenants, if she died after the crop was sown, the husband was entitled to emblements, and the remaindermen could not recover against him for the use of the dower land for that portion of the year which remained after the death of his wife.

October 21, 1884.

Landlord and Tenant.    Estates.    Emblements.    Dower. Husband and Wife.    Before Judge WILLIS.    Chattahoochee Superior Court.    March Term, 1884.

Mary E. King *et al.* brought suit against Whittle for the use and occupation of certain land.    Defendant pleaded the general issue, and that he was a tenant for the life of his wife; that she died in May, 1883, after he had planted his annual crops, and that he remained in possession, by himself and his tenants, only for a reasonable time to gather such crops.

On the trial, the evidence showed, in brief, as follows: J. R. McCook died in 1854, leaving a widow and children; the widow took dower in his land.    In 1856 she intermarried with Whittle.    They lived together on the dower lands until her death on May 9, 1882.    In that year, he cultivated a small part of the farm himself and rented the balance.    The crop had nearly all been planted at the death of his wife, and he and his tenants remained in possession until the crops were gathered.

The jury found for the defendant, and plaintiff excepted, and assigned error in the following charge:

" When a party owns a life estate in lands, and has gone forward and planted crops and prepared for crops and planted crops for a certain year, and during that year dies before the crops are collected or gathered, then the parties holding under him have a right to go forward and collect up and finish up the crops for that year, free of rent and

free of charge. Now if he had gone forward and planted this land before his wife's death, and she died in May, which is admitted, then he had a right to go forward and cultivate the crops that he had for that year and collect them, and he is not liable for the use or occupation of that land for that year, nor for any portion of it that he had rented out to tenants for that year."

B. A. Thornton; C. J. Thornton, for plaintiffs in error.

Peabody & Brannon; W. A Little; Thomas & Chandler, for defendant.

Hall, Justice.

The defendant, in 1856, married a dowress, who died in May, 1883, leaving him surviving. The remaindermen brought suit against him for the use of the dower lands for that portion of the year which remained after her death. A verdict was returned in favor of the defendant, and the question is now made whether that verdict, under the foregoing facts, was proper. A portion of the land was in cultivation by the defendant at the death of his wife, and other portions were cultivated by his tenants. "If the life estate be terminated, not by the act of the tenant, he and his legal representatives shall be entitled to emblements, which are the profits of the crop sown by him during life, whether the plants be annual or perennial." Code, §2257; 20 *Ga.*, 791; 56 *Id.*, 582. "If a man be tenant for the life of another, and *cestuy que vie*, or he on whose life this land is held dies after the corn sown, the tenant *per auter vie* shall have the emblements." 2 Cooley's Bl., 123. This last citation covers the exact point made. What difference can it make whether the life tenant sows by himself or by others to whom he has rented the premises?

Judgment affirmed.