KING, administrator, *v.* McDUFFIE, next friend. .

1. Under the Civil Code (1910), § 3661, a deed to a woman "and the heirs of her body after her death" conveys a life-estate to the first taker, with a remainder over to her children. '

2. Under the ruling in *Holder* v. *Scarborough,* 119 *Ga.* 256 (46 S. E. 93), where an owner of land made a deed of gift to his daughter in fee simple, this left no title in him; and if of his own motion he subsequently conveyed the same land to his daughter "and the heirs of her body after her death" (thus purporting to create a life-estate in the daughter with remainder over to her children), and if this was not made to correct any mistake in the previous deed, or to change the description of the property, and the children of the daughter paid no consideration therefor and did not alter their status in any way, they acquired no interest by reason of the second deed, as against their mother or her legal representative.

3. The evidence tended to show the making of the deed in fee simple from the father to his daughter, and the making of valuable improvements on the faith thereof; but there was no evidence which required the submission to the jury of a charge based on the theory of a parol gift and improvements made by the grantee on the faith of such gift.

NOVEMBER 13, 1915.

Equitable petition. Before Judge George. Wilcox superior court. October 19, 1914.

Certain persons, as children of a deceased woman, filed a petition against her administrator, seeking, among other things, to enjoin the defendant from selling certain land. They claimed under a deed which conveyed the land to their mother "and the heirs of her body after her death." The defendant claimed that the land belonged in fee simple to the intestate. By amendment to his answer he alleged, that the father of the intestate gave it to her, put her in possession, and made her a fee-simple deed to it

some years before the execution of the deed under which the plain-tiffs claimed as remaindermen; and that the intestate took posses-sion and made valuable improvements upon the land. The last-mentioned deed was not produced or recorded, but the claim was that it had been lost. A verdict was found in favor of the plain-tiffs. The defendant's motion for a new trial was overruled, and he excepted. Among other grounds of the motion was an assign-ment of error upon the court's charge to the jury, to the effect that if the owner of the land executed a deed conveying it in fee simple to his daughter, which was accepted by her, but if subsequently he made another deed by which he limited the interest of the donee to a life-estate only, with remainder over, and this latter deed was made with the knowledge and consent of the donee in the first deed, and was delivered to her and accepted by her, then she, or her administrator, would be estopped from claiming to hold any-thing more than a life-estate.

*J. L. Bankston* and *Whipple & McKenzie,* for plaintiff in error. *Hal Lawson,* contra.

LUMPKIN, J. There was evidence tending to show that a father made deeds of gift to his children, about 1885, to parts of his prop-erty. One of these deeds to a married daughter was in fee simple. In 1893 he executed a second deed covering the same property, and conveying it to the same daughter "and the heirs of her body after death," a consideration of $800 being recited. There was also evidence tending to show that the daughter was then in possession of the property, and that she accepted the second deed.

1. The second deed, under the code of this State, would by its terms operate to convey a life-estate to the first taker, with a re-mainder over to her children. Civil Code (1910), § 3661.

2. Under the ruling in *Holder* v. *Scarborough,* 119 *Ga.* 256 (46 S. E. 93), the first deed, if executed and delivered, conveyed to the daughter all of the title which the grantor had in the land, and nothing remained in him to convey to her by a subsequent deed. Accordingly, the second deed conveyed no title. While the ques-tion of estoppel was not discussed in the case cited, it was as much involved there as in the present case. In that case the owner of land sold to a purchaser who gave his note and took a bond for title. Later he paid the purchase-money and received a deed.

About ten days thereafter he returned the deed to the maker thereof, requesting that it should be destroyed and the land should be conveyed to his brother. This was done, the brother having notice of the former deed. The brother, who was the grantee in the second deed, brought suit against a person who held under the grantee in the first deed by virtue of a sale by a trustee appointed in bankruptcy. The presiding judge directed a verdict in favor of the plaintiff, the grantee in the second deed; and this judgment was reversed. It will be seen that if the grantee in the first deed and one holding under him were estopped from denying the title of the grantee in the second deed by virtue of the fact above recited, the judgment should have been affirmed. In principle that decision is controlling here, whether or not it accords with some authorities in other jurisdictions.

In the case before us the plaintiffs were children of the grantee in fee simple in the first deed (if one was made and delivered), who was also the grantee as life-tenant in the second deed. It does not appear that the children who would take as remaindermen in the second deed paid anything or altered their status in any way, or that the maker of the deed was induced to make the second deed by any representations or requests, or that a purchaser for value from him is setting up an estoppel. If any consideration was paid at all, as to which the evidence is very meagre, it was paid by the mother of the plaintiffs, who, of course, took with knowledge of the first deed, if one had been made. It appears that the maker of the two deeds made and delivered the second one of his own motion (if it was delivered), because he desired to fix the title so that the husband of the daughter could not handle or manage the property. It was not an effort to correct any mistake which had been made in a previous deed, or the description of property covered thereby, so as to fall within the rule laid down and the decisions cited in 2 Devlin on Real Estate (3d ed.), § 850c; but it was an effort by one who had already given and conveyed property to his daughter in fee simple, if the jury believed such to be the fact, to cut down the quantity of title previously conveyed to her from a fee-simple estate to a life-estate with a remainder over to her children, or at least to make it to her and the heirs of her body after her death, which, as has been above stated, would have that result in this State. See also *Hitchcock*

v. *Hines,* 143 *Ga.* 377 (85 S. E. 119). The charge of the court was not in accord with this ruling, and was erroneous.

3. It was contended, on behalf of the plaintiff in error, that the court should have submitted to the jury the theory that there was a parol gift with improvements made on the faith thereof by the daughter of the maker of the two alleged deeds; and that she had a good title, even if there was no prior deed as contended. The evidence did not authorize the submission of such a theory to the jury. It did not tend to show a parol agreement or promise on the part of the original owner to make a conveyance to his daughter, followed by possession given under such parol agreement, and valuable improvements made upon the faith thereof, so as to make Civil Code section 4636 applicable. But the evidence on behalf of the defendant tended to show that a former conveyance was actually made by the father to his daughter, who took possession thereunder, and subsequently by herself or her husband made improvements on the land.

*Judgment reversed. All the Justices concur, except Beck, J., absent.*