EDWARDS, executor, *v.* EDWARDS.

1. Under the Civil Code of 1910, § 3661, a deed to a man, and at his decease to his child or children or representative of child or children as he may leave in life, creates a life-estate in the first taker, with remainder over to those designated to take at his death.

2. If no person to take in remainder was in esse when the deed was executed and none came into existence before the termination of the life-estate, the remainder estate failed.

3. Under the circumstances indicated in the preceding syllabi, no estate beyond that granted to the life-tenant passed out of the grantor, and upon the death of the life-tenant and the failure of the contingent remainder, the grantor or his heirs were entitled to a right of entry. As the right of action to recover land belonging to a deceased owner is primarily in the personal representative of the deceased owner, the executor of the grantor was entitled to recover the land of the widow of the deceased life-tenant.

MAY 16, 1917.

Complaint for land. Before Judge Searcy. Henry superior court. June 24, 1916.

*E. J. Reagan,* for plaintiff.

*Cleveland & Goodrich* and *R. R. Arnold,* for defendant.

EVANS, P. J. In 1875 T. J. Edwards executed a deed conveying to "J. L. Edwards for his use, benefit, and advantage, & free from the marital rights of his present or any future wife, for his sole and separate use, & at his decease to his child or children or representative of child or children as he may leave in life, to wit [certain described land], with all the rights, members, and appurtenances belonging to said land, to hold as above specified in fee simple." J. L. Edwards died without having issue, and the executor of the grantor brought suit to recover the land in the possession of the widow of J. L. Edwards.

1. Under the Civil Code (1910), § 3661, a deed to A, and at his decease to his child or children or representative of child or children as he may leave in life, conveys a life-estate to A, with remainder to the designated remaindermen. *Megahee* v. *Hatcher,* 146 *Ga.* 498 (91 S. E. 677) ; *King* v. *McDuffie,* 144 *Ga.* 318 (87 S. E. 22) ; *Goodrich* v. *Pearce,* 83 *Ga.* 781 (10 S. E. 451).

2. A contingent remainder is one limited to an uncertain person, or upon an event which may or may not happen. Civil Code (1910), § 3676. Where the remainder is limited to a person not in esse, or not ascertained, the remainder is contingent. *Sharman*

v. *Jackson,* 30 *Ga.* 224. Though a contingent remainder may become vested, where persons answering the description of the remaindermen come into being during the existence of the particular estate, or by the time the remainder is to vest (*Ardis* v. *Printup,* 39 *Ga.* 648; *Kollock* v. *Webb,* 113 *Ga.* 762, 39 S. E. 339), nevertheless where the remaindermen are not in esse at the time of the making of the deed, nor come into existence pending the precedent estate when the remainder is to vest, the remainder can never thereafter vest. A contingent remainder must vest on or before the termination of the particular estate, or the happening of the contingency which is to vest it, or it will be defeated. Tiedeman on Real Property, § 314. Where the contingency is as to the person and that person is not in esse at the time the contingency happens, his heirs will not take. Civil Code, § 3677. It follows that as no children ever were born unto J. L. Edwards, upon his death his widow would not take the land as his heir at law.

3. The question now arises as to the right of the grantor's executor to recover the land from the life-tenant's widow. Both plaintiff and defendant claim title under the executor's testator, and that excuses inquiry into his title. The remainder being contingent, the fee was either in abeyance or in the grantor; in either event, upon the defeat or failure of the contingent remainder, the grantor or his heirs may re-enter. "The ancient doctrine that the remainder must vest at once or not at all had been broken in upon by the introduction of contingent remainders, but the judges could not make up their minds also to infringe on the corresponding rule, that the fee simple must, on every feoffment which confers an estate in fee, at once depart out of the feoffer. They therefore sagely reconciled the rule, which they left standing, to the contingent remainders which they had determined to introduce, by affirming that during the contingency the inheritance was either in abeyance or in gremio legis, or else in nubibus. Modern lawyers, however, venture to assert that what the grantor had not disposed of must remain in him and can not pass from him until there exists some grantee to receive it. And when the gift is by way of use under the statute of uses, there is no doubt that until the contingency occurs the use, and with it the inheritance, result to the grantor." Williams on Real Property, 221, quoted in *City Council of Augusta* v. *Radcliffe,* 66 *Ga.* 469, at page 473. Mr. Fearne in

his work on Contingent Remainders, * 360 et seq., ably argues, in favor of the latter view, that when a man makes a disposition of a remainder interest which is to take no effect at all until a future event or contingency happens, the intermediate reversionary interest from the time of the making of the future disposition until it takes effect remains in the grantor or the testator, and his heirs; and that if such future disposition fails of effect by failure of the contingency, on the termination of the precedent estate the grantor or his heirs or the heirs of the testator (if there be no devise of a residuum) may re-enter possession. In this State the primary right of action to recover land is in the personal representative of the deceased owner. *Greenfield* v. *McIntyre,* 112 *Ga.* 691 (38 S. E. 44). It follows that the plaintiff was entitled to recover on the allegations of the petition; and it was error to dismiss the petition on demurrer.

*Judgment reversed. All the Justices concur.*