PERKINS *et al. v.* PERKINS.

1. Under the Civil Code, § 3661, a deed to a woman, and the heirs of her body after her death, conveys a life-estate to the first taker, with remainder over to her children.

2. The deed relied upon by plaintiffs in this case to show title in themselves was not so indefinite in description that it could be held as a matter of law that the description given could not be applied to the subject-matter of the conveyance by the aid of evidence.

JUNE 14, 1917.

Complaint for land. Before Judge Hammond. Jenkins superior court. September 11, 1916.

The children of M. M. Perkins, minors, by their father as
guardian, brought an action of ejectment against M. D. L. Per-
kins, to recover the following described realty: "That lot or par-
cel of land, with improvements thereon, situated in the 61st dis-
trict G. M. of Jenkins County, Georgia, formerly Burke County,
containing 3 acres, more or less, bounded as follows: north by
Julia E. Perkins; east by lands formerly of Alice G. Perkius;
south by lands of the estate of Lake, now belonging to M. D. L.
Perkins, and also by public road; and west by lands formerly be-
longing to Ann L. Ward, now belonging to M. D. L. Perkins."
Plaintiffs claim title to this property under a warranty deed from
Ann L. Ward, executed and recorded in January, 1903, under the
heading, "State of Georgia, Burke County," conveying to
"Alice G. Perkins, and to the heirs of her body after her
death, the following described real estate: All that tract or
parcel of land lying, situate, and being in the 61st dist. G. M.
containing three acres more or less, and bounded as follows:
on the north by Julia E. Perkins, on the east by lands of Alice
G. Perkins, on the south by lands of estate of Lake and the
public road, and the west by lands of Ann L. Ward." It was
alleged in the original petition, that the plaintiffs' mother died on
July 27, 1915; that the defendant has been in possession of the
land in question since prior to her death, receiving the rents and
profits from the same; that he refuses to surrender the property or
to pay the rents and profits thereof, etc. The plaintiffs filed an
amendment adding to the description of the land sued for the fol-
lowing: "The 61st district G. M., above referred to, is the name
and number of a district in Burke County, of which Jenkins
County was formerly a part, and the name and number of the
district in the new County of Jenkins, in which said land is located,
is the 1635th district G. M. And the western boundary of said
land is a straight line beginning at a point on the Green Fork
public road 2.32 chains east of the point where the land formerly
belonging to A. Barefield corners on said public road, and said line
runs parallel with the eastern boundary of said Barefield tract in
a northerly direction 5.40 chains. The opposite sides of said tract
are straight lines, parallel in location and equal in length. The
line along the public road being 5.48 chains in length." The pe-
tition was further amended by adding the following allegations:

Defendant claims title to said land under a deed from Alice G. Perkins (who had only a life interest therein) to one Lake, who conveyed the same. to defendant; and the common grantor of plaintiffs and defendant is Ann L. Ward, who held actual possession of the land at the date of her deed to Alice G. Perkins and the heirs of her body after her death. The plaintiffs are the children and "the heirs of the body" of said Alice G. Perkins "after her death," and took title to the land as grantees in remainder under the deed from Ann L. Ward, dated January 5, 1903. Ann L. Ward held the property under a deed from G. L. Jackson, dated January 12, 1897, and describing the land as follows: "That tract or parcel of land lying and being in the Village of Perkins, County of Burke, State of Georgia, 61st district, G. M., containing four and one quarter (4-1/4) acres, more or less, bounded on the north and east by lands of G. L. Jackson, on the south by lands of Miss M. S. Lake and public road, west by lands of C. I. Rodgers, running from C. I. Rodgers' corner east seven chains and eighty hundredths, extending back five chains and forty links, parallel with C. I. Rodgers' line." On October 6, 1909, Ann L. Ward executed a deed of 1-1/4 acres of said tract to Alice G. Perkins under the following description: "That tract or parcel of land lying and being in the 1635th .district of Jenkins County, Georgia, and in the Village of Perkins, Ga., containing one and one fourth (1-1/4) acres of land, and bounded as. follows: on the north by lands of Mrs. Julia E. Perkins, on the east by lands of Mrs. Alice G. Perkins, on the south by lands of Lake estate and public road, and on the west by lands of A. Barefield." On October 7, 1908, Alice G. Perkins executed a deed to J. S. Lake, conveying both said tracts, the 1-1/4-acre tract and the remaining 3-acre tract, under the following description: "All that tract or parcel of land lying, situate, and being .in the 61st dist. G. M., Burke County, now Jenkins County, containing 3 acres, more or less, and bounded as follows: on the north by Julia E. Perkins, on the east by lands of Alice G. Perkins, on the south by the lands of the estate of Lake and the public road, and on the west by lands of Ann L. Ward, according to deed of conveyance made the 5th day of January, 1903, between Ann L. Ward and Alice G. Perkins. Also all that tract or parcel of land lying and being in the 1635th district of Jenkins County, Georgia, and in the village of Perkins, Ga., containing

one and one fourth acres of land, and bounded as follows: on the north by the lands of Mrs. Julia E. Perkins, and by the lands of Mrs. Alice G. Perkins on the east, on the south by the lands of the Lake estate and public road, and on the west by the lands of A. Barefield, according to deed of conveyance made October 2, 1909, between Mrs. A. L. Ward and Mrs. Alice G. Perkins."

On May 30, 1910, Lake conveyed the property to the defendant by deed under the following description: "The several tracts or parcels of land situate, lying, and being in said State and County, containing one hundred and seven acres, more or less, known as the Lawton place, and bounded as follows: north by lands of Edmund Hudson and Abram Kelsey, east by lands of Edmund Hudson and Wm. Reynolds, south by lands of M. M. Reynolds, west by lands of Homer Burke and Sloan estate. Also that certain tract or parcel of land, situate, lying, and being in the village of Perkins, in the 1635th district, G. M., said State and county, containing nine and three quarters acres, more or less, and bounded as follows: north by Mrs. Julia E. Perkins, east by lands of est. A. P. D. Lake, south by lands of est. A. P. D. Lake, west by lands of Alonza Barefield, said tract or parcel of land as last herein' named consisting of four separate tracts or parcels of land purchased by said J. S. Lake from various grantors, as will be shown in and by reference to a certain deed from Mrs. Alice G. Perkins to J. S. Lake, dated Oct. 7, 1909, and recorded October 8, 1909." The defendant claims title to both said tracts, including the one sued for as containing three acres, more or less, under the above-stated deeds, and is in possession thereunder; and plaintiffs claim only the three (3) acres left after cutting off the 1 1/4 acres on the west side of said tract of 4 1/4 acres; and Ann L. Ward intended, by her deed of January 5, 1903, to convey all of said tract of 4 1/4 acres except the 1 1/4 acres, which she then retained and subsequently conveyed to Alice G. Perkins, by deed dated October 6, 1909.

The court on motion struck the amendment, sustained a demurrer to the petition, and dismissed the action.

*W. H. Fleming,* for plaintiffs.   *C. G. Reynolds,* for defendant.

BECK, J. 1. Among other points made by defendant's demurrer, it was urged that the deed attached to plaintiffs' petition shows on its face that it conveys an absolute fee-simple title to Alice G. Perkins; and further, that the estate created under the deed at-

tached to the petition is an estate tail, and for that reason vests a fee-simple title in Alice G. Perkins, the first taker. This ground of the demurrer was without merit. The conveyance to "Alice G. Perkins, and to the heirs of her body after her death," vested a life-estate in the first named, with remainder over to her children, the plaintiffs in this case. Under the Civil Code, § 3661, a deed to a woman, and the heirs of her body after her death, conveys a life-estate to the first taker, with remainder over to her children. *King* v. *McDuffie*, 144 *Ga.* 318 (87 S. E. 22).

2. Certain other grounds of the demurrer are based upon the contention that the description in the deed from Ann L. Ward to Alice G. Perkins is so vague and indefinite as to render the deed void. This contention is based upon the ruling in the case of *Huntress* v. *Portwood*, 116 *Ga.* 351 (42 S. E. 513), where it was held that a conveyance of a tract of land of irregular shape, containing a stated number of acres, "more or less," and bounded on north, on east, and on south by lands of named owners, and on west by other lands of the grantor, does not with sufficient definiteness set forth or indicate how the lands sought to be conveyed shall be cut off from the entire tract, and that consequently the deed is void, for the identity of the portion of the tract to be cut off could not be ascertained and established without resorting to extrinsic proof as to the secret and undisclosed intention of the maker with regard thereto. Whether that is controlling in the present case is a question not entirely free from difficulty; but after giving the matter careful consideration, we are of the opinion that it is not controlling. In the case of *Huntress* v. *Portwood*, the land conveyed was an irregularly shaped piece of land; in the present case that is not so, but it is alleged that it is a parallelogram. Moreover, in a conveyance by a prior owner of this land, namely, G. L. Jackson, who executed a deed on the 12th day of January, 1897, to Ann L. Ward, a tract of land embracing that now in controversy was conveyed to the grantee, the deed of conveyance last referred to containing the following description of the land: "That tract or parcel of land lying and being in the village of Perkins, County of Burke, State of Georgia, 61st district, G. M., containing four and one quarter (4 1/4) acres, more or less, bounded on the north and east by lands of G. L. Jackson, on the south by lands of Miss M. S. Lake and public road, west by lands of C. I. Rodgers, run-

ning from C. I. Rodgers' corner east seven chains and eighty hundredths, extending back five chains and forty links, parallel with C. I. Rodgers' line." Subsequently, on October 6, 1909, Ann L. Ward, the grantee in the last-mentioned deed, executed a deed conveying one and one fourth (1 1/4) acres of the tract of four and one fourth acres to Alice G. Perkins, which deed contained the following description of the 1 1/4 acres conveyed: "That tract or parcel of land lying and being in the 1635th district of Jenkins County, Georgia, and in the village of Perkins, Ga., containing one and one fourth (1 1/4) acres of land, and bounded as follows: on the north by lands of Mrs. Julia E. Perkins, on the east by lands of Mrs. Alice G. Perkins, on the south by lands of Lake estate and public road, and on the west by lands of A. Barefield." On October 7, 1908, Alice G. Perkins executed a deed to J. S. Lake conveying both the 3-acre tract and the 1 1/4-acre tract. It is in evidence that this last-named conveyance to J. S. Lake made up the tract containing 4 1/4 acres covered by the deed from G. L. Jackson to Ann L. Ward, and this was again separated into two component tracts by the separate conveyances from Ann L. Ward to Alice G. Perkins. By a comparison of these conveyances and the lots of land, it is not necessarily impossible to ascertain and fix the boundaries of each tract by the aid of extrinsic proof, without resorting to the secret and undisclosed intentions of the grantors in the deeds. While certain paragraphs of the lengthy amendment to the petition might have been successfully attacked by special demurrer, the court should not have stricken the entire amendment upon motion in the nature of a general demurrer; nor should the petition as amended have been dismissed.

*Judgment reversed. All the Justices concur.*