*W. H. Lanier,* for defendants.

---

## BANKS *v.* MORGAN *et al.*

1. A deed conveying a described tract of land to a named grantee, his heirs and assigns, which granting clause is followed by this language: "The condition of this deed is that this land shall not be subject to any debts that L. F. Morgan shall make, but go to his heirs," is to be construed as conveying a life-estate to the grantee, with remainder over to his children, where he dies leaving children.

2. Applying this ruling to the question involved in this record, the judgment of the court below must be reversed.

No. 5317. JANUARY 12, 1927.

Equitable petition. Before Judge Searcy. Fayette superior court. February 6, 1926.

*H. A. Allen,* for plaintiff.

*W. B. Hollingsworth* and *Culpepper & Murphy,* for defendants.

BECK, P. J. Mrs. W. D. Banks brought her equitable petition against Mrs. Lena Morgan and others, alleging that the defendants were the heirs at law of Frank Morgan, deceased; and that petitioner had, on the 7th day of April, 1912, executed a deed conveying to L. F. Morgan a described tract of land. This deed is in the record, and, omitting the description of the land conveyed (there being no dispute as to the identity of the property involved), reads as follows: "For and in consideration of the sum of five hundred dollars, in hand paid, Samantha Banks . . does hereby give, grant, sell, alien, and convey unto L. F. Morgan, of the County of Fayette, the following property: . . The condition of this deed is that this land shall not be subject to any debts that L. F. Morgan shall make, but go to his heirs. Together with all privileges and appurtenances thereto in anywise belonging, in fee simple. And the said vendor will, and her heirs, executors,

Contracts, 13 C. J. p. 521, n. 18; p. 535, n. 75.

Deeds, 18 C. J. p. 252, n. 22, 30, 31; p. 254, n. 44; p. 256, n. 73; p. 257, n. 79; p. 258, n. 80; p. 267, n. 22, 23, 25, 27; p. 299, n. 65, 66, 67; p. 300, n. 69; p. 305, n. 35, 36, 38.

Estates, 21 C. J. p. 940, n. 55.

Evidence, 22 C. J. p. 1182, n. 73.

administrators, and assigns shall, the said property to the said vendee, his heirs, executors, administrators, and assigns, forever warrant and defend against the lawful demands of all persons whatever." The deed was duly signed, sealed, and delivered by the grantor.

Mrs. Lena Morgan is the widow and the other defendants the children of L. F. Morgan, deceased; and petitioner prays that the deed be canceled on the ground that it conveyed only a life-estate to L. F. Morgan, and his administratrix had no right or authority to administer the same. The defendants filed a general demurrer to the petition; and when the case came on for a hearing it was agreed by the parties, and so stated to the court, that "the sole issue to be determined was the construction of the deed above referred to," and this is also recited in the briefs filed in this court by the counsel for both parties. The judge below sustained the general demurrer and dismissed the case.

While the general demurrer might have raised other questions than that relating to the construction of the deed, it is recited in the bill of exceptions that both sides agreed that the only question involved in the case "turns on the construction of the deed" which appears in the record. The plaintiff insists that a proper construction of the deed is that it conveyed to L. F. Morgan a life-estate in the land described, with remainder over to his heirs at law, and that the court erred in sustaining the demurrer, which in effect sustains the contention of the defendants that the deed conveyed a fee-simple title to L. F. Morgan. We are of the opinion that the court below erred in dismissing the case upon general demurrer. We treat the sole question which it was agreed in the court below was controlling in the case, and that is, did the deed convey a life-estate to L. F. Morgan, with remainder over to his children; or did it convey to the grantee just named a fee-simple title? Clearly, the deed would have conveyed a fee-simple title if the following clause had been omitted therefrom: "The condition of this deed is that this land shall not be subject to any debts that L. F. Morgan shall make, but go to his heirs." In the case of *Bray* v. *McGinty*, 94 *Ga.* 192 (21 S. E. 284), it was said: "Although most of the phraseology in the premises of a deed of gift conveying land, and all of that used in the habendum, be such as a person skilled in conveyancing would rightly use to pass an

estate in fee-simple, and the same, if standing alone, would be wholly inconsistent with an intention to convey a less estate to the donee, yet, where the concluding words of the premises were 'then if the said [donee] should die, the same to go to his children': the effect of the deed as a whole, construing all its language together, was to create an estate in the donee for his life only, with remainder in fee to his children. . . If this was not the intention, there could be no rational object in mentioning the children or providing for them to take at all." To the argument that the last clause quoted from the deed above is repugnant to the granting clause, and that a repugnance existing between the two clauses the granting clause must prevail, the reply can be made that the two clauses are not irreconcilable; but that, seeking to ascertain the intention of the parties, which must be looked to as the rule in the construction of deeds as well as of other contracts, the two clauses are not repugnant in the light of the clear intention, gathered from the paper itself, of the grantor. Section 3659 of the Civil Code reads as follows: "The word 'heirs,' or its equivalent, is not necessary to create an absolute estate; but every conveyance, properly executed, shall be construed to convey the fee, unless a less estate is mentioned and limited in such conveyance. If a less estate is expressly limited, the courts shall not, by construction, increase such estate into a fee, but, disregarding all technical rules, shall give effect to the intention of the maker of the instrument, as far as the same is lawful, if the same can be gathered from its contents; and if not, in such case the court may hear parol evidence to prove the intention." And in the case of *Cobb* v. *Wrightsville & Tennille R. Co.*, 129 *Ga.* 377 (58 S. E. 862), it was held: "Since the adoption of the original code, taking effect in 1863, the strictness of the old rule as to repugnant clauses in a deed has been much modified. Substance, rather than technical nicety in the location of clauses, is controlling. The intention of the parties is the cardinal rule of construction." In the case of *Henderson* v. *Sawyer*, 99 *Ga.* 234 (25 S. E. 312), it was said: "Since the adoption of the code, a mere repugnance in words will not authorize a court to hold that there is a real repugnance in a deed, and consequently to annul the latter of two inconsistent clauses therein, when the actual intention of the maker, viewing the instrument as a whole, can be arrived at without serious

.difficulty. Code, § 2755; *Thurmond* v. *Thurmond,* 88 *Ga.* 182 [14 S. E. 198]; *Bray* v. *McGinty,* 94 *Ga.* 192 [supra], and cases cited; *Rollins* v. *Davis,* 96 *Ga.* 107 [23 S. E. 392]." "Under the Civil Code, § 3661, a deed to a woman, and the heirs of her body after her death, conveys a life-estate to the first taker, with remainder over to her children. *King* v. *McDuffie,* 144 *Ga.* 318 (87 S. E. 22)." *Perkins* v. *Perkins,* 147 *Ga.* 122, 126 (92 S. E. 875).

After a careful consideration of the question and of the authorities bearing upon the same, we are satisfied that the deed should be construed as above indicated.

*Judgment reversed. All the Justices concur, except Hines, J., who dissents.*