## PEARRE et al. v. McDONALD.

HINES, J. By deed dated October 12, 1893, between William Raburn and Matilda Raburn, the former for and in consideration of the natural love and affection which he had for the latter, who was his daughter, conveyed "to the said Matilda Raburn and her children after her" a described tract of land. At the time of the execution of said deed the daughter had three living children, who survived her. Upon her death her administrator, on the first Tuesday in December, 1921, sold this land as the absolute property of the daughter, and the same was bought by Albert McDonald. On October 13, 1928, the children of the daughter filed their petition to partition this land between themselves and McDonald, the children claiming three fourths undivided interest therein. The defendant moved to dismiss the petition, because it sets out no cause of action, and because the plaintiffs have no right, title, or interest in and to the tract of land sought to be partitioned. The court sustained the motion and dismissed the application for partition. To this judgment the children excepted. In this court counsel for the parties dealt solely with the question whether the plaintiffs have any title or interest in the land conveyed by the above instrument. *Held:*

1. That the above deed of conveyance did not create an absolute fee-simple estate in the daughter of the grantor, but created a life-estate in her to the land conveyed, with remainder over to her children. *Cooper v. Mitchell Investment Co.,* 133 *Ga.* 769 (66 S. E. 1090). This case differs from *Ewing v. Shropshire,* 80 *Ga.* 374 (7 S. E. 554), where the grant was to a daughter, "and the lawful heirs of her body begotten, to her and their sole and separate use," to have and to hold unto the daughter "and her heirs, . . to her and them, and their own proper use, benefit, and behoof, forever in fee simple." By the terms of this conveyance this court properly held that it created an estate tail, and vested in the daughter an absolute estate in fee simple.

2. The court erred in holding that the plaintiffs had no title to the land in dispute, and in dismissing their petition.

*Judgment reversed. All the Justices concur.*

No. 7123. JULY 10, 1929.

*T. L. Slappey* and *Homer Watkins,* for plaintiffs.
*M. L. Felts,* for defendant.