## BRISTOL SAVINGS BANK *v.* NIXON *et al.*

No. 7004. OCTOBER 17, 1929.

*Thomas J. Sappington* and *Charles E. Baggett,* for plaintiff in error.

*Hal Lawson,* contra.

HILL, J.   On October 14, 1904, Mrs. M. A. Joiner, of the first part, executed a deed to "Mrs. Lizzie Nixon and her bodily heirs after her death, . . of the second part," conveying certain land "unto the said party of the second part, her heirs and assigns." The habendum clause was as follows: "To have and to hold the said above granted and described property, with all and singular the rights, members, and appurtenances thereunto appertaining, to the only proper use, benefit, and behoof of the said party of the second part, her heirs, executors, administrators, and assigns, in fee simple." The warranty clause was "unto the said party of the second part, her heirs, executors, administrators, and assigns." On October 4, 1922, Mrs. Lizzie Nixon borrowed from Bristol Savings Bank $1500, executing to that bank her deed to the premises as security for the loan.   On default in the payment of interest the bank, in accordance with the power of sale in the loan deed, foreclosed the debt, and all interest in the land was thereby conveyed to it.   Afterward Mrs. Lizzie Nixon executed to the bank her note contracting to pay $150 as rent for the premises for the year 1928, and she was on the premises as tenant at the date of her death, April 27, 1928.   Cullen Nixon, William Nixon, Mrs. Rosa Nixon McLeod, Lizzie E. Nixon, and Mrs. May Wilkerson, the children of Mrs. Lizzie Nixon, brought a petition alleging, beside the facts stated above, that W. H. Nixon was the legally appointed and duly qualified administrator of the estate of Mrs. Lizzie Nixon; and praying for decree that petitioners are the owners of the land in fee simple, that the bank is liable for tax on the land for the year 1928, that the portion of the rents legally due to the bank be applied as far as necessary to the payment of said tax; that the proportion of rents for 1928 be fixed as between petitioners and the bank; that the bank be enjoined from collecting rent or otherwise interfering with the land; for receiver; and for general relief.   A general demurrer to the petition was overruled, and the bank excepted.

■   The Civil Code (1910), § 3661, provides: "Estates tail are prohibited and abolished in this State.   Gifts or grants to one, and the heirs of his body, or his heirs male or heirs female, or

his heirs by a particular person, or his children, or his issue, convey an absolute fee. Estates tail being illegal, the law will never presume or imply such an estate. Limitations which, by the English rules of construction, would create an estate tail by implication in this State shall give a life-estate to the first taker, with remainder over in fee to his children and other descendants, as above provided; and if none are living at the time of his death, remainder over in fee to the beneficiaries intended by the maker of the instrument." In the case of *King* v. *McDuffie,* 144 *Ga.* 318 (87 S. E. 22), this court held: "Under the Civil Code (1910), § 3661, a deed to a woman 'and the heirs of her body after her death,' conveys a life-estate to the first taker, with a remainder over to her children." And see, to the same effect, *Perkins* v. *Perkins,* 147 *Ga.* 122 (92 S. E. 875); *Cooper* v. *Mitchell Investment Co.,* 133 *Ga.* 769 (66 S. E. 1090, 29 L. R. A. (N. S.) 291); *Banks* v. *Morgan,* 163 *Ga.* 468 (136 S. E. 434); *Ewing* v. *Shropshire,* 80 *Ga.* 374, 377, 378 (7 S. E. 554); *Goodrich* v. *Pearce,* 83 *Ga.* 781 (3), 783 (10 S. E. 451); Civil Code, § 3660.

In the instant case Mrs. M. A. Joiner conveyed by deed to "Mrs. Lizzie Nixon and her bodily heirs after her death, of the county of Dodge and State of Georgia," for and in consideration of "love and affection she has for her daughter and her children after her death," certain described realty, "to have and to hold the said above granted and described property, with all and singular the rights, members, and appurtenances thereunto appertaining, to the only proper use, benefit, . . of the said party of the second part, her heirs, executors, administrators, and assigns, in fee simple; and the said party of the first part the said bargained property above described unto the said party of the second part, her heirs, executors, administrators, and assigns, . . against all and every other person or persons, shall and will and does hereby warrant and forever defend by virtue of these presents." We are of the opinion that the deed conveyed a life-estate to Mrs. Nixon, with remainder over to her children; and that there was a limitation upon the estate granted to Mrs. Nixon, and therefore an estate in remainder was given to her children after her death. The cases cited by the plaintiff in error do not contain language having a limitation on the estates granted. They are cases where conveyances were made of the entire fee to the first taker. Those conveyances contained no words of limitation, such

as "after her death," as in the deed in the present case; and it was held that the first taker took a fee-simple title.

■ We are also of the opinion that the life-estate conveyed by the deed in the instant case was chargeable with the taxes accruing prior to the death of the life-tenant (Mrs. Lizzie Nixon), that is to say, the taxes for the year 1928, and that portion of the crop of the life-tenant which was planted prior to her death; and that the Bristol Savings Bank can collect all the rent, but must apply the proceeds of that portion of the crop planted by the life-tenant prior to her death. See Civil Code (1910), §§ 3668, 3669, 3688, 3710; *Johnson* v. *Grantham,* 104 *Ga.* 558, 559 (30 S. E. 781); *King* v. *Whittle,* 73 *Ga.* 482; *Chappell* v. *Boyd,* 56 *Ga.* 578, 580; *Thornton* v. *Burch,* 20 *Ga.* 791; *Gay* v. *Gay,* 29 *Ga.* 549; *Griffin* v. *Fleming,* 72 *Ga.* 697, 703.

■ The petition set out a cause of action, and the court below did not err in overruling the demurrer.

*Judgment affirmed. All the Justices concur.*