BEASLEY *v.* CALHOUN *et al.*

No. 9542. MARCH 1, 1934.

*William B. Kent* and *C. C. Crockett,* for plaintiff.
*N. L. Gillis Jr.,* and *Dallam R. Jackson,* for defendants.

BECK, P. J. C. L. Beasley filed his petition against F. M. Calhoun and others, and prayed for an injunction to restrain the defendants from interfering with his possession of certain described

land, the title to which he alleged was in himself. The facts alleged, so far as they are material to the claim of title by plaintiff, were that F. M. Calhoun, on March 11, 1927, executed a deed conveying to Irene Calhoun, his daughter, the land in controversy; that on March 1, 1932, petitioner married Irene Calhoun, and they lived together as husband and wife until November 12, 1932, at which time she died without child, leaving her husband as her sole heir. The only issue of the marriage of Irene Calhoun and the plaintiff was a child born dead. In the granting clause in the deed the language is that the grantor "does hereby grant, give, and convey to the said Irene Calhoun for and during her natural life, and at her death to her heirs," the property in question. The warranty clause is as follows: "To have and to hold the said above granted and described property, with all and singular the rights, members and appurtenances thereunto appertaining, to the only proper use, benefit, and behoof of the said party of the second part, Irene Calhoun, for and during her natural life, and at her death to her heirs in fee simple." The defendant filed a general demurrer to the petition. On a hearing the court refused an injunction as to the real estate, and the petitioner excepted.

The court did not err in so refusing. Upon the death of the wife the husband had not title to this real estate or interest therein. It is true that upon the death of the wife leaving no children the husband is her sole heir. Civil Code, § 3930. That, properly construed, means that he is the sole heir, where there are no children, of the property left by the wife which was hers. But in the present case the wife had only a life-estate, and the remainder created by the terms of the deed was a contingent remainder, being contingent as to the person who should take the remainder; and the only issue of the mariage having been born dead, there was no one in whom this estate became vested. It never became a vested remainder. There was no one to take at the death of Irene Calhoun. The husband was not included in the word "heirs," under the provisions of the deed creating the remainder. The Civil Code § 3660, provides that "Limitations over to 'heirs,' 'heirs of the body,' 'lineal heirs,' 'lawful heirs,' 'issue,' or words of similar import, shall be held to mean 'children,' whether the parents be alive or dead." Construing the word "heirs," in the deed from F. M. Calhoun to his daughter Irene Calhoun, to mean "children," as that statute directs, the

petitioner did not take the land upon the death of his wife as sole heir under section 3930, as he claims. In the circumstances no estate beyond that granted to the life-tenant passed out of the grantor, and upon the death of the life-tenant and the failure of the remainder the grantor or his heirs were entitled to a right of entry. In *Edwards* v. *Edwards,* 147 *Ga.* 12 (92 S. E. 540), it was said: "Under the Civil Code of 1910, § 3661, a deed to a man, and at his decease to his child or children or representative of child or children as he may leave in life, creates a life-estate in the first taker, with remainder over to those designated to take at his death. . . If no person to take in remainder was in esse when the deed was executed and none came into existence before the termination of the life-estate, the remainder estate failed. . . Under the circumstances . . no estate beyond that granted to the life-tenant passed out of the grantor, and upon the death of the life-tenant and the failure of the contingent remainder the grantor or his heirs were entitled to a right of entry."

*Judgment affirmed. All the Justices concur.*