RAINEY *et al. v.* SPENCE.

No. 12080. MARCH 17, 1938.

*Walter Matthews* and *L. E. Moore,* for plaintiffs in error.

*Edwards & Edwards* and *Boykin & Boykin,* contra.

GRICE, Justice. ■ To support his contention that the deed of Ann Williamson, referred to above, conveyed an absolute title in fee simple to Mary Ann Reese, counsel have cited a number of decisions of this court holding that grants to one and the heirs of his body, or his bodily heirs, or his heirs by a particular person, convey an absolute fee. Such is the rule where the conveyance contains no limitation over. In that class of cases, the expression "bodily heirs" or words of similar import, are words of limitation and not of purchase, and are inoperative to qualify or limit the character of the estate that passes under the deed. But it is equally as well settled that limitations over to "heirs," "heirs of the body," "lineal heirs," "lawful heirs," "issue," or other like words, import purchase and not limitation, and are to be taken as meaning "children." Code, § 85-504. Chief Justice Bleckley, in *Ewing* v. *Shropshire,* 80 *Ga.* 374 (7 S. E. 554), asked what is a "limitation over," and answered the question. Said he: "In a large sense, and no doubt in the sense intended by the Code, it

includes any estate in the same property created or contemplated by the conveyance to be enjoyed after the first estate granted expires or is exhausted. Thus in a gift to A for life, remainder to the heirs of his body, the remainder is 'a limitation over' to the heirs of the body, and under this section of the Code the children of A and the descendants of deceased children would take the remainder as purchasers. And the same persons would take the same estate in the same capacity were the remainder limited to heirs, lineal heirs, lawful heirs, issue, or the like." In *Bush* v. *Williams,* 141 *Ga.* 62 (80 S. E. 286), the deed recited that it was made "between Henry Roberts of the County of Miller and State of Georgia, of the first part, and Josephine Henrietta Williams, of the County of Miller and State of Georgia, of the second part." Immediately following the description of the property conveyed were these words: "these lands after her death, (the) said party of the second part, to belong to the heirs of her body; and if no heirs, then to revert to and become the property of Peter C. Roberts and Clarisa C. Roberts. To have and to hold the said above granted and described property, with all and singular the rights, members, and appurtenances thereunto appertaining, to the only proper use, benefit, and behoof of the said party of the second part, her heirs, administrators, executors, and assigns, in fee simple; and that said party of the first part, the said bargained property above described, unto the said party of the second part, her heirs, executors, administrators, and assigns, against the said party of the first part, his administrators, executors, and assigns, and against all and every other person or persons, shall and will and does hereby warrant and forever defend by virtue of these presents." It was held that this deed conveyed a life-estate to Josephine Henrietta Williams, and that upon her death her two sons took a vested fee.

In *King* v. *McDuffie,* 144 *Ga.* 318 (87 S. E. 22), certain persons as children of a deceased woman filed a petition against her administrator, seeking, among others things, to enjoin the defendant from selling certain land. They claimed under a deed which conveyed the land to their mother "and the heirs of her body after her death." The defendant claimed that the land belonged in fee simple to the intestate. The court ruled that the deed conveyed a life-estate to the first taker, with remainder over

to her children. In *Milner* v. *Gay*, 145 *Ga.* 858 (90 S. E. 65), it was held that a deed to A "for and during his natural life, and at his death to be equally divided between the heirs at law of" A, created a life-estate in A, with remainder to his children. A similar ruling was made in *Perkins* v. *Perkins*, 147 *Ga.* 122 (92 S. E. 875), where the language of the deed was "to Alice G. Perkins, and to the heirs of her body after her death." It was held in *Banks* v. *Morgan*, 163 *Ga.* 468 (136 S. E. 434): "A deed conveying a described tract of land to a named grantee, his heirs and assigns, which granting clause is followed by this language: 'The condition of this deed is that this land shall not be subject to any debts that L. F. Morgan shall make, but go to his heirs,' is to be construed as conveying a life-estate to the grantee, with remainder over to his children, where he dies leaving children." The ruling in *Pearre* v. *McDonald*, 168 *Ga.* 752 (149 S. E. 44), was that a deed conveying "to the said Matilda Brown and her children after her" a described tract of land did not create in Matilda Brown an absolute fee-simple estate, but only a life-estate, with remainder over to her children. This court reached a like conclusion in *Bristol Savings Bank* v. *Nixon*, 169 *Ga.* 282 (150 S. E. 148), where a deed was made to a person "and her bodily heirs after her death." It was held in *Crews* v. *Crews*, 174 *Ga.* 45 (162 S. E. 107): "Where a husband by deed granted to his wife 'and to her heirs and assigns forever' described property, 'and it is understood and agreed between the parties hereto that at the death of my wife . . the land herein described is to go to my youngest son. . . To have and to hold said lot of land together with all and singular the rights, members, and appurtenances thereunto in any wise appertaining or belonging, to the only proper use and benefit and behoof of the said [wife] of the second part, her heirs and assigns, in fee simple forever,' such deed created a life-estate in the wife, with remainder to grantor's youngest son."

The deed in the instant case was not skillfully drawn, but it is our duty to give effect, if we can, to what the parties meant by it. "However unskillfully a deed may be prepared, it is the duty of the courts to discover and give effect, if possible, to the intent of the parties." *McCraw* v. *Webb*, 134 *Ga.* 579, 581 (68 S. E. 324). See also *Bray* v. *McGinty*, 94 *Ga.* 192 (21 S. E. 284), and cit. We are satisfied that under the deed in question Mary

Ann Reese took only a life-estate, and consequently at her death her estate had no interest in it.

■ The jury found that Sarah Rainey did not request or direct or influence the plaintiff to purchase the land in dispute. Consequently the decree, in so far as it affected the title of Sarah Rainey, was erroneous.

■ But the jury found that Cornelius Reese, at the time or prior to the administrator's sale complained of, did request or direct or influence the plaintiff, Spence, to purchase the land. Is there any evidence in the record to support the finding? If so, it is to be found in the testimony of the plaintiff, as follows: "I know Cornelius Reese. He lived on the place that I purchased, that is in dispute now. I came up here on the first Monday in December and bought this property that's in dispute. Cornelius Reese came with me. Well, the only thing we talked about the matter was, we wanted it to bring as much as I possibly could make it bring. That was one reason I bought it." On cross-examination he testified: "I didn't discuss it with Cornelius only the time we came up here to the sale. He objected, he said, to Mike being the administrator, but if it was going to be sold, he wanted it to bring as much as it could." The majority are of the opinion that there is enough in this testimony to authorize the jury to find that Cornelius Reese is estopped from claiming an interest in this land, and from attacking the title of the plaintiff, and that the verdict as to him is supported by the evidence. The writer has a different view; and in his opinion, since there is no statement in this testimony that Cornelius Reese represented that the title was in his mother, or that the purchasers would get a good title, or that Cornelius requested or directed or influenced the plaintiff to purchase this property, the verdict is not supported by the evidence. Mr. Justice Bell concurs in this view. Except as to this, we are in accord with the other members of the court.

*Judgment reversed in part and affirmed in part. All the Justices concur, except Bell and Grice, JJ., who dissent.*