SIKES *et al. v.* MOXLEY.

No. 15462. JUNE 6, 1946. REHEARING DENIED JULY 5, 1946.

*George B. Cowart* and *C. L. Cowart,* for plaintiffs.

*John P. Rabun* and *P. M. Anderson,* for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) This case involves a proper construction of the deed from E. D. Cowart, the father of L. A. Sikes, dated August 1, 1892, by which he conveyed the land in question to "L. A. Sikes, and at her death to the heirs of her body, and not to be subject to her debts or to the debts of her husband."

This court has held that a grant to A and the heirs of her body, or words of similar import, operates to vest the fee-simple title in A. *Stamey* v. *McGinnis,* 145 *Ga.* 226 (88 S. E. 935); *Lane* v. *Cordell,* 147 *Ga.* 100 (92 S. E. 887); *Pace* v. *Forman,* 148 *Ga.* 507 (97 S. E. 70); *Scott* v. *Harley,* 152 *Ga.* 537 (110 S. E. 285); *Southwell* v. *Purcell,* 172 *Ga.* 739 (158 S. E. 588). This rule would not apply, however, where as here a less estate has been carved out, and the term, "heirs of her body," or words of similar import are used in connection with a limitation over in remainder, and the words of remainder establish a class who shall take after the expiration of the life estate. *Singer* v. *First National Bank & Trust Co.,* 195 *Ga.* 269, 272 (24 S. E. 2d, 47).

In *King* v. *McDuffie,* 144 *Ga.* 318 (87 S. E. 22), certain persons as children of a deceased woman filed a petition against her administrator, seeking, among other things, to enjoin the defendant from selling certain land. They claimed under a deed which conveyed the land to their mother "and the heirs of her body after her death." The defendant claimed that the land belonged in fee simple to the intestate. The court ruled that the deed conveyed a life estate to the first taker; with remainder over to her children. See, to the same effect, *Perkins* v. *Perkins,* 147 *Ga.* 122 (92 S. E. 875); *Banks* v. *Morgan,* 163 *Ga.* 468 (136 S. E. 434); *Pearre* v. *McDonald,* 168 *Ga.* 752 (149 S. E. 44); *Bristol Savings Bank* v.

*Nixon,* 169 *Ga.* 282 (150 S. E. 148) ; *Beasley* v. *Calhoun,* 178 *Ga.* 613 (173 S. E. 849) ; *Rainey* v. *Spence,* 185 *Ga.* 763 (196 S. E. 416).

On the trial of the instant case, which occurred on April 17, 1945, Virgil Sikes, who was one of the children of L. A. Sikes, testified that he was 53 years old, which would have made him 3-1/2 months old when the deed was executed on August 1, 1892. The youngest child was born in 1907, and the evidence is silent as to the birth of the other two children. It thus appears that at least one child was in esse when the deed was executed to "L. A. Sikes, and at her death to the heirs of her body, and not to be subject to her debts or to the debts of her husband."

Accordingly, L. A. Sikes, the mother of the plaintiffs, took a life estate in the property, and the remainder estate vested in the child or children in esse at the time of the execution of the deed, subject to be reopened to let in after-born children. *Milner* v. *Gay,* 145 *Ga.* 858 (2) (90 S. E. 65) ; *Nixon* v. *Nixon,* 192 *Ga.* 629 (15 S. E. 2d, 883).

Counsel for the defendant in error contend, however, that the judgment should not be reversed, since the jury chose to believe the defendant's testimony in preference to that of the plaintiffs, the veracity of whose principal witness was attacked, and the evidence submitted to the effect that he was not worthy of belief on oath was sufficient to have warranted the jury in finding that his testimony had been wholly discredited and was not worthy of belief.

While the answer of the defendant denied that the life tenant went into possession of the property, no evidence was offered in support of such averment. It is also true that the jury would have been authorized to believe the witnesses who swore that they would not believe the plaintiffs' principal witness on oath, but there was other unimpeached evidence on the question of possession of the life tenant. One of the children who held a remainder interest testified that he remembered living on the property, and that he moved away when he was about six years old. This testimony accords with the evidence of the defendant, which shows that the property was sold in 1898 to satisfy an execution against the life tenant and others.

The uncontroverted evidence shows that the life tenant died on May 8, 1942, and the suit was instituted on March 29, 1943. While

all the evidence shows that the defendant and his predecessors had been in open adverse possession for 43 years, "prescription does not begin to run in favor of a grantee under a deed from a life tenant, against a remainderman who does not join in the deed, until the falling in of the life estate by the death of the life tenant." *Mathis* v. *Solomon,* 188 *Ga.* 311 (4 S. E. 2d, 24), and citations. By analogy, the same principle would apply where the entire fee was attempted to be conveyed by a sheriff's deed.

Considering all the evidence introduced by both sides, it would have been sufficient to enable the jury to definitely identify the land in dispute. Applying the above principles of law to the facts of the present case, the evidence did not authorize a finding in favor of the defendant, and the trial judge erred in overruling the plaintiffs' motion for a new trial.

*Judgment reversed. All the Justices concur.*